919 F.2d 146
 Unpublished Disposition
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 
 UNITED STATES of America, Plaintiff-Appellee,
v.
Kermit C. BURLESON, Defendant-Appellant.
 No. 88-15830.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 10, 1990.*
Decided Nov. 19, 1990.
 Before CHAMBERS, FARRIS and DAVID R. THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Kermit C. Burleson, a federal prisoner, appeals the district court's order denying his motion to vacate sentence under 28 U.S.C. Sec. 2255. Burleson challenges the district court's failure to hold an evidentiary hearing on his claim of ineffective assistance of counsel. Further Burleson challenges procedural errors surrounding his presentence report. We have jurisdiction under 28 U.S.C. Secs. 2255 and 1291.
 
 
 3
 On March 19, 1985, Burleson was detained by the police when he appeared to be casing banks. During a pat-down search police found a loaded .38 caliber revolver. Two months later, on May 1, 1985, Burleson was indicted on one count of possession of a firearm by a person with three prior felony convictions for robbery or burglary in violation of 18 U.S.C.App. Sec. 1202(a)(1).
 
 
 4
 On July 15, 1985, in exchange for dropping the weapons charge, Burleson pled guilty to a one-count superseding information charging him with armed bank robbery in violation of 18 U.S.C. Sec. 2113(a) and (d). On September 26, 1985, Burleson was sentenced to twenty years imprisonment.
 
 
 5
 We review the district court's denial of a 28 U.S.C. Sec. 2255 motion de novo. United States v. Popoola, 881 F.2d 811, 812 (9th Cir.1989) (per curiam). We review for clear error any factual findings the district court made in deciding the motion. United States v. Arellanes, 767 F.2d 1353, 1357 (9th Cir.1985).
 
 
 6
 1. Ineffective Assistance of Counsel.
 
 
 7
 Burleson contends he was denied effective assistance of counsel prior to his guilty plea because his attorney inaccurately predicted Burleson's sentence. Burleson's attorney was faced with the choice of advising Burleson to plead guilty to a 25 year parolable offense, the bank robbery, or risk conviction on a nonparolable 15 year to life offense, the gun possession charge. At a minimum the guilty plea placed a cap on the number of years Burleson could receive in a worse case scenario. Burleson's attorney advised him to plead guilty to the robbery charge, believing that it would result in a lesser amount of time spent in jail.
 
 
 8
 We review challenges to guilty pleas based on claims of ineffective assistance of counsel using the two part test announced in Strickland v. Washington, 466 U.S. 668 (1984). Under this test, a criminal defendant must show that his counsel's performance was deficient, and that this deficient performance prejudiced his defense. Id. at 687.
 
 
 9
 [A] defendant claiming ineffective assistance of counsel must make a two-fold showing. He must demonstrate (1) that counsel's actions were "outside the wide range of professionally competent assistance," and (2) that the defendant was prejudiced by reason of counsel's actions.
 
 
 10
 United States v. Layton, 855 F.2d 1388, 1414 (9th Cir.1988), cert. denied, 489 U.S. 1046 (1989) (quoting Strickland, 466 U.S. at 690.)
 
 
 11
 Burleson's attorney, who predicted that under the guilty pleas to bank robbery the Guideline range would be 60-70 months, though incorrect about the sentence, was not wildly incorrect. The court found the Guideline range to be 78-100 months. It cannot be said that Burleson's attorney's actions were "outside the wide range of professionally competent assistance." Strickland, 466 U.S. at 690. Further, Burleson suffered no prejudice from his attorney's prediction because, prior to accepting his guilty plea, the court explained that it retained the discretion to determine the final sentence.
 
 
 12
 Burleson further contends that but for counsel's advice about the length of the sentence he would have gone to trial. In a case with a similar issue, United States v. Keller, 902 F.2d 1391 (9th Cir.1990), this court addressed the burden defendant must satisfy in proving actual prejudice from an attorney's erroneous advice. In Keller, defendant was advised by his attorney that a guilty plea to one bank robbery charge would result in no more than 30 months in prison, instead of the possible 52-80 months he faced if convicted of all robberies for which he had been charged. Id. at 1392.
 
 
 13
 However, after pleading guilty, the Parole Commission imposed 52-80 months. The court found that the attorney's erroneous predictions did not make the plea invalid and that Keller's allegations were insufficient to establish that but for that erroneous advice, he would have gone to trial.
 
 
 14
 In the case at hand, though Burleson contends he would have gone to trial but for his attorney's advice, the government's case against him is quite strong. During a Terry stop pat-down the police found a loaded .38 caliber revolver on Burleson. Also, there is no controversy surrounding Burleson's three prior adult convictions, thus placing him in the enhanced sentence range. The minimum sentence for the weapons charge was 15 years with a maximum sentence of life imprisonment.
 
 
 15
 Therefore the district court was not in error when it found that Burleson had not met the burden of proving ineffective assistance of counsel.
 
 
 16
 2. The Lack of and Evidentiary Hearing.
 
 
 17
 Burleson challenges the district court's failure to hold an evidentiary hearing before denying his motion under 28 U.S.C. Sec. 2255. We review for abuse of discretion the court's decision not to hold such a hearing. Watts v. United States, 841 F.2d 275, 277 (9th Cir.1988). When a defendant's allegations of an invalid plea are based on facts outside of the record, an evidentiary hearing is required. United States v. Espinoza, 866 F.2d 1067, 1069 (9th Cir.1988). But, when a Sec. 2255 motion is based on alleged occurrences outside the record, a hearing is not "required if the allegations, 'viewed against the record, either fail to state a claim for relief or are 'so palpably incredible or patently frivolous as to warrant summary dismissal.' " Shah v. United States, 878 F.2d 1156, 1158 (9th Cir.), cert. denied, 110 S.Ct. 195 (1989) (quoting Marrow v. United States, 772 F.2d 525, 526 (9th Cir.1985) and United States v. Schaflander, 743 F.2d 714, 717 (9th Cir.1984), cert. denied, 470 U.S. 1058 (1985)). See also, United States v. Burrows, 872 F.2d 915, 917 (9th Cir.1989).
 
 
 18
 Though Burleson claims his attorney promised him a ten year sentence or less, several factors cast doubt on this claim:
 
 
 19
 1. His attorney's affidavit stating the attorney did not advise his client that the court would not impose a sentence in excess of ten years if he pled guilty.
 
 
 20
 2. Burleson's failure to raise the claim in open court when pleading guilty despite being asked by the judge if he had received any promises.
 
 
 21
 3. Burleson's failure to mention the promise at sentencing when he addressed the court and asked for leniency.
 
 
 22
 4. Burleson's failure to mention the promise in the Rule 35 motion filed two and a half months after sentencing. (However, Burleson claims he did not mention it at that time because he was still being advised by the same counsel and, thus, was ignorant of counsel's mistake.)
 
 
 23
 5. The document in which Burleson makes this claim has other incredulous information such as the fact that despite having admitted guilt on three previous occasions, including in a letter to the judge, Burleson now denies the underlying bank robbery.
 
 
 24
 In Watts v. United States, 841 F.2d 275, 276-77 (9th Cir.1988) (per curiam), a defendant failed to raise allegations of a secret agreement until fourteen months after his sentencing despite several instances of previous correspondence and contact with the court. This court found that it was "impossible to believe" that if Watts thought he had an agreement which had been so clearly violated, he would have waited so long to bring it to anyone's attention. Id. at 278.
 
 
 25
 In the case at hand, Burleson is raising this issue twenty-five months after sentencing. The district court did not err in finding the evidence against the claim too compelling to require an evidentiary hearing.
 
 
 26
 3. Waiver of Indictment.
 
 
 27
 Fed.R.Crim.P. 7(b) provides that a defendant may be prosecuted by information on a felony if "after having been advised of the nature of the charge and of the rights of the defendant, [he] waives in open court prosecution by indictment." After having been advised of his various constitutional rights by the district court judge, Burleson signed a written wavier of the indictment form. Burleson argues that the waiver was invalid because it was not date-stamped until 6:24 p.m. on the date of the guilty plea. This argument fails. It is sufficient that the waiver was stamped on the date of the guilty plea. There is no rule concerning what time of day a wavier must be stamped. In fact, even if there had been no explicit written waiver, the court could have implied a wavier from Burleson's guilty plea. United States v. Travis, 735 F.2d 1129, 1131-32 (9th Cir.1984).
 
 
 28
 4. Fed.R.Crim.P. 32(c)(3)(D).
 
 
 29
 Burleson argues he is entitled to a remand because of the district court's technical violation of F.R.Cr.P. 32(c)(3)(D). At the time of the sentencing Burleson was still under suspicion for other uncharged bank robberies. The district court judge ruled that he would not take those robberies into account. However, the district court failed to attach notification of this to the presentence report sent to the Bureau of Prisons. To correct this error, on July 20, 1988, the district court ordered the Probation Office to notify the Parole Commission in writing that the district court did not take account of the uncharged robberies in sentencing Burleson. In United States v. Fernandez-Angulo, 897 F.2d 1514, 1517 (9th Cir.1990), under very similar circumstances, this court found that when a district court complies with the substantive requirements of Rule 32, but neglects to append the appropriate findings to the presentence report, this constitutes only a "ministerial error" and does not require resentencing. Because the district court took remedial action on July 20, 1988 and ordered the findings attached and a new parole hearing, Burleson is not entitled to a remand.
 
 
 30
 5. The Juvenile Adjudications.
 
 
 31
 Burleson contends that the presentence report listed uncounseled juvenile adjudications. However, the record indicates that the district court did not consider Burleson's juvenile convictions when sentencing him.
 
 Conclusion
 
 32
 The lower court ruling is affirmed.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Circuit Rule 36-3