972 F.2d 1346
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Larry Jay PRITZ, Defendant-Appellant.
 No. 91-35961.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 29, 1992.*
Decided Aug. 7, 1992.
 
 Before TANG, BEEZER and KOZINSKI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Larry Jay Pritz appeals pro se the district court's denial of his 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence. He was convicted by jury trial of manufacturing and possessing methamphetamine and sentenced to 21 years imprisonment. He contends that the district court erred by denying without an evidentiary hearing his claim that he was denied effective assistance of counsel because his attorney did not call certain witnesses at a suppression hearing and at trial. He also contends that he was denied due process because the government did not disclose a witness's grand jury testimony until the day before trial. We have jurisdiction under 28 U.S.C. § 2255, and we affirm.
 
 
 3
 We review de novo the denial of a section 2255 motion, and we review for an abuse of discretion the district court's decision not to hold an evidentiary hearing. Donagiere v. United States, 914 F.2d 165, 167 (9th Cir.1990), cert. denied, 111 S.Ct. 1398 (1991). The district court may deny a section 2255 motion without an evidentiary hearing if "the motions and files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255; Watts v. United States, 841 F.2d 275, 277 (9th Cir.1988) (per curiam).
 
 
 4
 To establish ineffective assistance of counsel, a defendant must establish that his attorney's performance was deficient and that the deficiency prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687 (1984); see Kimmelman v. Morrison, 477 U.S. 365, 378 (1986) (defendant may claim that counsel ineffectively handled a fourth amendment claim). There is a strong presumption that an attorney's conduct falls within "the wide range of reasonable professional assistance," and an attorney's tactical decisions are essentially unreviewable. Strickland, 466 U.S. at 689-90; United States v. Murray, 751 F.2d 1528, 1535 (9th Cir.), cert. denied, 474 U.S. 979 (1985); see Gordon v. Duran, 895 F.2d 610, 614 (9th Cir.1990) (no sixth amendment violation where counsel failed to raise fourth amendment claim even though defendant possibly had standing).
 
 
 5
 Here, on Pritz's direct appeal this court affirmed the district court's finding that Pritz lacked standing to challenge the search of a shack that contained a methamphetamine laboratory. Police found Pritz and his companion Loman Wallace near the shack, which was on land owned by Lane Ball. Loman Wallace was the brother of Lane Ball's daughter-in-law, Julie Wallace Ball. Ball told police that he had not authorized either Pritz or Loman Wallace to enter the land.
 
 
 6
 Pritz contends that his attorney should have called Julie Wallace Ball, who would have testified that Lane Ball gave Pritz and Becky Hagen permission to live in a trailer on the land. Pritz also contends that his attorney should have called Marlena Wallace, Julie Wallace Ball and Loman Wallace's mother, who would have testified that Lane Ball had been charged in state court with methamphetamine manufacturing. Finally, Pritz contends that his attorney should have called Hagen, who would have testified that Pritz entered the land to recover his car, which she had taken.
 
 
 7
 Pritz contends that Julie Wallace Ball and Marlena Wallace's testimony at the suppression hearing would have cast doubt on Lane Ball's statement to police and therefore would have established that Pritz had permission to enter the land. We affirm the district court's finding that counsel's decision as to which witnesses to call at the suppression hearing was an essentially unreviewable tactical decision. See Strickland, 466 U.S. at 690; Murray, 751 F.2d at 1535.
 
 
 8
 Pritz contends that the testimony of all three witnesses at trial would have established that he had legitimate reasons for entering the land and therefore did not manufacture methamphetamine in the shack. We affirm the district court's finding that the other evidence of Pritz's guilt, including the fact that his fingerprints were found on the laboratory equipment, was sufficiently convincing that these witnesses' testimony would not have affected the verdict; accordingly, Pritz did not establish prejudice. See Strickland, 466 U.S. at 687.
 
 
 9
 Pritz also contends that he was denied due process because the government did not disclose DEA Agent Thomas Walsh's grand jury testimony until the evening of the day before trial. See United States v. Span, No. 90-10284, slip op. 8215, 8234-35 (9th Cir. July 8, 1992) (quoting Brady v. Maryland, 373 U.S. 83, 87 (1963) ("suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material ... to guilt")). He did not raise this issue on direct appeal. See United States v. Pritz, No. 88-3260, unpublished memorandum disposition (9th Cir.1989).
 
 
 10
 If a defendant does not raise an issue at trial or on direct appeal, to prevail under section 2255 he must show cause excusing his procedural default and actual prejudice. United States v. Frady, 456 U.S. 152, 167-68 (1982). To support a conviction for manufacture of methamphetamine, it is sufficient for the government to show that manufacturing recently occurred at a site. United States v. Litteral, 910 F.2d 547, 551 (9th Cir.1990).
 
 
 11
 Before the grand jury, Walsh testified that at the time of the search of the shack, the methamphetamine laboratory was inoperable. At trial, however, government witness Thomas Barnes, a criminalist, testified that the laboratory had been operating recently. Accordingly, Pritz did not establish prejudice. See Frady, 456 U.S. at 167-68.
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3