**Cary R. ORTBERG, Petitioner–Appellant,**

**v.**

**Russel MOODY, Superintendent, Respondent–Appellee.**

**No. 91–35074.**

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 6, 1992 *.

Decided April 3, 1992.

---

* The panel unanimously finds this case suitable for decision without oral argument pursuant to Fed.R.App.P. 34(a) and 9th Cir.R. 34.4.

Sidney K. Billingslea, Asst. Federal Public Defender, Anchorage, Alaska, for petitioner-appellant.

W.H. Hawley, Asst. Atty. Gen., Anchorage, Alaska, for respondent-appellee.

Before: WRIGHT, NORRIS, and HALL, Circuit Judges.

CYNTHIA HOLCOMB HALL, Circuit Judge:

I

Petitioner Cary R. Ortberg appeals the dismissal of his habeas corpus petition on the ground that it contained both exhausted and unexhausted claims. We affirm the district court's dismissal.

Petitioner pleaded nolo contendere to second degree criminal mischief in Alaska state court. After his motion to withdraw his plea was denied, he appealed the conviction, making several arguments *pro se* and other arguments through counsel. The state appellate court declined to address the nonjurisdictional issues raised in Petitioner's *pro se* brief because his nolo contendere plea waived all such defects occurring prior to the plea. *Ortberg v. State,* 751 P.2d 1368, 1369 n. 1 (Alaska Ct.App. 1988). The court affirmed the trial court on the remaining issues raised in counsel's brief. It also held, *sua sponte,* that the trial judge did not abuse his discretion when he denied Petitioner status as co-counsel.

Through counsel, Petitioner filed a petition for hearing with the state supreme court, arguing that the appellate court should have given him an opportunity to brief and argue the co-counsel issue. The state supreme court denied review. Despite Petitioner's arguments to the contrary, the district court found that Petitioner did not include any of his other claims in the petition for hearing. An affidavit signed by the Alaska Assistant Attorney General reveals that a clerk for the state supreme court verified that the co-counsel issue was the only issue raised in Petitioner's pleading. According to the affidavit, a thorough review of the state's files did not uncover any other pleadings filed by Petitioner in the state supreme court. The district court's finding was not clearly erroneous.

On September 30, 1988, Petitioner filed *pro se* a petition for habeas corpus in federal district court. He raised twelve grounds for relief, arguing that: (1) Alaska statute 11.46.482(a)(1) is vague and overbroad; (2) the sentencing enhancement statute applied to him is an ex post facto law; (3) the indictment violated double jeopardy because it subjected him to four penalties for the same conduct; (4) he was unconstitutionally denied complete discovery; (5) the search of his home was illegal; (6) he was denied his Sixth Amendment right to confrontation of witnesses; (7) his sentence is excessive; (8) he was denied the right to exercise a peremptory challenge against the trial judge; (9) the trial judge's consideration of evidence concerning the value of the damaged property at issue violated his right to confrontation and to a jury trial; (10) he was denied his right to a speedy trial; (11) his plea was involuntary; and (12) he was denied due process and assistance of counsel when the appellate court raised and decided the co-counsel issue *sua sponte.*

Of the twelve claims listed in the habeas petition, the state appellate court rejected four (three, four, five, and eight) on procedural grounds because it found that Petitioner had waived his right to raise these nonjurisdictional issues as a result of pleading nolo contendere. The appellate court considered and rejected three of these claims on the merits (seven, eleven, and twelve). Petitioner presented only claim number twelve to the Alaska Supreme Court. He raised five claims (one, two, six, nine, and ten) for the first time in his petition for habeas relief.

The government filed an unopposed motion to dismiss the petition for failure to exhaust state remedies. After a magistrate filed a recommendation, the district court appointed counsel for Petitioner. Pe-

titioner then challenged the exhaustion issue. On September 27, 1990, the district court accepted a second magistrate's findings and recommendations, dismissing the petition because it contained both exhausted and unexhausted claims.

Within 30 days of the district court's order, Petitioner's counsel filed an application for a Certificate of Probable Cause. The district court issued the Certificate on November 15, 1991. Exactly 90 days after the district court's order, Petitioner's counsel filed a Notice of Appeal.

## II

■ As a threshold matter, we must consider whether we have subject matter jurisdiction over the present controversy.[1] In general, an appellate court will not have jurisdiction over an appeal from the denial of habeas relief unless the petitioner files a notice of appeal within the allotted time *and* obtains a Certificate of Probable Cause from the district court. 28 U.S.C. § 2253; Fed.R.App.P. 3, 4(a); *see also Tinsley v. Borg*, 895 F.2d 520, 523 (9th Cir.1990), *cert. denied*, — U.S. ——, 111 S.Ct. 974, 112 L.Ed.2d 1059 (1991). This and several other circuits have held, however, that " 'a request for a certificate of probable cause can serve 'double duty' as notice of appeal.' " *Tinsley*, 895 F.2d at 523 (quoting *McMillan v. Barksdale*, 823 F.2d 981, 983 (6th Cir.1987)). Although *Tinsley* involved *pro se* petitioners, we hold that the rule announced in that case is equally applicable to petitioners proceeding through counsel.

The language and underlying purpose of Rule 3 support our holding. *See Smith v. Barry*, — U.S. ——, 112 S.Ct. 678, 681–82, 116 L.Ed.2d 678 (1992) (requirements of Rule 3 should be liberally construed). The final sentence in Rule 3 states that "An appeal shall not be dismissed for informality of form or title of the notice of appeal." Fed.R.App.P. 3(c). The purpose of Rule 3

is to ensure that the other party is informed of the intent to appeal. *Id.* advisory committee's note. In fact, the advisory committee explicitly stated that "it is important that the right to appeal not be lost by mistakes of mere form." *Id.* Therefore, as long as the filed document evidences a clear intent to appeal and meets the content and timing requirements of Rules 3(c) and 4, the document may function as a notice of appeal. *See Smith*, 112 S.Ct. at 682 (appellate brief may serve as notice of appeal because it demonstrates intent to appeal); *Stevens v. Heard*, 674 F.2d 320, 322 (5th Cir.1982) (request for Certificate of Probable Cause satisfies notice of appeal requirement provided that it "clearly evinces an intent to appeal").

## III

Next, we must decide whether the district court properly dismissed Petitioner's habeas corpus petition. We review that decision *de novo*. *Tinsley*, 895 F.2d at 523.

## A

■ The district court should have dismissed claims one, three, four, five, eight and ten on the ground that Petitioner is barred from seeking review of these claims in federal habeas proceedings. "The focus of federal habeas inquiry is the nature of the advice and the voluntariness of the plea, not the existence as such of an antecedent constitutional infirmity." *Tollett v. Henderson*, 411 U.S. 258, 266, 93 S.Ct. 1602, 1608, 36 L.Ed.2d 235 (1973); *see Siers v. Ryan*, 773 F.2d 37, 42 (3d Cir.1985) ("It is crystal clear that a prisoner may attack only the voluntary and intelligent character of the guilty plea" in habeas proceedings), *cert. denied*, 490 U.S. 1025, 109 S.Ct. 1758, 104 L.Ed.2d 194 (1989). As a result, Petitioner's nolo contendere plea precludes him from challenging alleged constitutional violations that occurred prior to the entry of

---

1. Petitioner's term of probation ended on October 27, 1991. That Petitioner is not now in custody does not destroy jurisdiction because Petitioner was incarcerated at the time he filed the petition for habeas corpus. *Prantil v. California*, 843 F.2d 314, 316 n. 2 (9th Cir.1988)

("[A] defendant's release from custody prior to the completion of his federal habeas corpus proceedings will not render his petition moot."), *cert. denied*, 488 U.S. 861, 109 S.Ct. 158, 102 L.Ed.2d 129 (1988).

that plea. *Id.* 411 U.S. at 266–67, 93 S.Ct. at 1607–08, (1973). None of the above six claims challenge the authority of the state to hale Petitioner into court, so the exception explained in *United States v. Broce,* 488 U.S. 563, 575, 109 S.Ct. 757, 765, 102 L.Ed.2d 927 (1989), does not apply. Because Petitioner does not challenge the knowing and voluntary nature of that plea, these six claims are not the proper subject of a habeas petition.

**B**

■ The remainder of the petition was properly dismissed because five of the remaining six claims either were not raised on every level of direct review, or were raised for the first time on habeas. As stated above, only claim number twelve— the co-counsel issue—was raised on every level of direct review. Alaska's post-conviction procedure provides relief for claims two, six, seven, nine and eleven. *See* Alaska Crim.R. 35.1(a), (c). Because there currently exists a state forum that will entertain these six claims, they are unexhausted. The district court properly dismissed the petition. *Rose v. Lundy,* 455 U.S. 509, 510, 102 S.Ct. 1198, 1199, 71 L.Ed.2d 379 (1982) (district courts must dismiss petitions containing exhausted and unexhausted claims).

Petitioner's reliance on *Granberry v. Greer,* 481 U.S. 129, 134, 107 S.Ct. 1671, 1675, 95 L.Ed.2d 119 (1987), and *Stone v. Godbehere,* 894 F.2d 1131, 1135 (9th Cir. 1990), is misplaced because the government raised the nonexhaustion defense below. Petitioner's reliance on *Castille v. Peoples,* 489 U.S. 346, 109 S.Ct. 1056, 103 L.Ed.2d 380 (1989), is similarly unpersuasive because he did not raise every issue on all levels of direct review. *See id.* at 350, 109 S.Ct. at 1059.

**IV**

The district court's dismissal of the petition for habeas corpus is
AFFIRMED.