981 F.2d 1258
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
William James MARSIO, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 91-16329.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 21, 1992.*
Decided Dec. 28, 1992.
 
 Before TANG, NOONAN and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 William James Marsio appeals pro se the denial of his 28 U.S.C. § 2255 motion. He contends that the district court erred by denying, without an evidentiary hearing, his claims that his confession was coerced and his guilty plea was involuntary. The government contends that Marsio's notice of appeal was untimely. We have jurisdiction under 28 U.S.C. § 2255, and we affirm.
 
 
 3
 Marsio pleaded guilty to making false statements to a federally insured bank, in violation of 18 U.S.C. § 1014, and was sentenced on January 9, 1987, to two years imprisonment, suspended, and five years probation. On May 8, 1987, the district court revoked Marsio's probation and sentenced him to two years imprisonment, suspended, and three years probation, conditioned on service of 179 days in a jail-type institution. On April 10, 1990, Marsio's probation officer filed a petition for revocation of probation based on Marsio's arrest on Arizona state charges for which he later was convicted. A federal arrest warrant was issued, and a federal detainer was placed against Marsio.
 
 
 4
 On February 20, 1991, Marsio filed a 28 U.S.C. § 2255 motion challenging his conviction and a 28 U.S.C. § 2241 habeas corpus petition seeking release of the federal detainer. The district court denied the habeas petition on April 18, 1991, and it revoked Marsio's probation on April 29, 1991. On July 15, 1991, in response to Marsio's inquiry about the status of the section 2255 motion, the district court issued an order stating that it also had denied the section 2255 motion in the April 18 order. Marsio filed a notice of appeal on July 30, 1991.
 
 
 5
 * Jurisdiction
 
 
 6
 The district court's April 18 order did not mention the section 2255 motion. Thus, until July 15, 1991, it was unclear whether the district court had entered a final order disposing of the section 2255 motion. Accordingly, we find that the notice of appeal was timely filed. Cf. United States Postal Serv. v. American Postal Workers Union, 893 F.2d 1117, 1119 (9th Cir.) (order that did not specifically address a claim was nonetheless final and appealable because "[a]ll parties had a clear understanding of the practical effects of the judgment"), cert. denied, 111 S.Ct. 67 (1990).
 
 II
 Merits
 
 7
 Marsio contends that the district court erred by denying his claims that his confession and subsequent guilty plea were coerced by a government agent's promise that Marsio would not be prosecuted if he talked to the agent. This contention lacks merit.
 
 
 8
 We review de novo the denial of a section 2255 motion. United States v. Angelone, 894 F.2d 1129, 1130 (9th Cir.1990). The district court may deny a section 2255 motion without an evidentiary hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255; Watts v. United States, 841 F.2d 275, 277 (9th Cir.1988) (per curiam). A valid guilty plea waives claims of pre-plea constitutional violations. Tollett v. Henderson, 411 U.S. 258, 267 (1973); Ortberg v. Moody, 961 F.2d 135, 137-38 (9th Cir.), cert. denied, 113 S.Ct. 225 (1992). Accordingly, if Marsio's guilty plea was constitutionally proper, then he cannot claim that his conviction was improperly based on a coerced confession.
 
 
 9
 Due process requires that a guilty plea be voluntary. Boykin v. Alabama, 395 U.S. 238, 242-43 (1969). Marsio claims that his plea was involuntary because but for the government agent's breach of a promise that Marsio would not be prosecuted, he would not have pleaded guilty. This claim lacks merit because a promise not to prosecute logically could not induce a guilty plea after charges already have been made. Moreover, Marsio's plea agreement stated that the plea was voluntary and that no promises other than those in the agreement had been made to him. Accordingly, the district court did not err by denying the section 2255 motion without an evidentiary hearing. See Watts, 841 F.2d at 277.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3