990 F.2d 1260
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Richard THOMAS, Petitioner-Appellant,
v.
James ROWLAND, Director, Department of Corrections,
Respondent-Appellee.
 No. 92-56186.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 10, 1993.*
Decided March 15, 1993.
 
 Before WALLACE, Chief Judge, and FARRIS and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Richard Thomas, a California state prisoner, appeals pro se the district court's dismissal of his 28 U.S.C. § 2254 habeas petition for lack of subject matter jurisdiction. Thomas contends the district court erred by dismissing his claims that he was denied due process and "effective appellate review." We review de novo the district court's decision on a habeas petition. Ortberg v. Moody, 961 F.2d 135, 137 (9th Cir.), cert. denied, 113 S.Ct. 225 (1992). We have jurisdiction under 28 U.S.C. § 2253, and we affirm.
 
 
 3
 Thomas contends that he was denied his right to due process because the California appellate court which reviewed his conviction on direct appeal failed to define the "single objective" involved in his first degree murder conviction, and to exclude the "legally incorrect theory."[1]
 
 
 4
 Generally, federal habeas corpus relief does not lie for alleged errors of state law. Lewis v. Jeffers, 497 U.S. 764, 780 (1990). "[I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." Estelle v. McGuire, 112 S.Ct. 475, 480 (1991).
 
 
 5
 Furthermore, federal habeas corpus relief is not "available when a petitioner merely alleges that something in the state proceeding was contrary to general notions of fairness or violated some federal procedural right unless the Constitution or federal law specifically protects against the alleged unfairness." Featherstone v. Estelle, 948 F.2d 1497, 1500 (9th Cir.1991).
 
 
 6
 Here, Thomas was convicted of first degree murder and kidnapping. He was originally sentenced to death for the murder and a consecutive term for kidnapping, if the death penalty was not carried out. On direct appeal, the California Court of Appeal affirmed both convictions, but reversed the death sentence. The California appellate court modified the sentence to impose a penalty of life imprisonment for the murder. The appellate court stayed the consecutive term of imprisonment for kidnapping pursuant to California Penal Code § 654.
 
 
 7
 Thomas does not present an issue of federal law simply by making conclusory allegations that his federal due process rights have been violated. See id. Therefore, the district court properly dismissed Thomas' petition for lack of jurisdiction.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Thomas appears to raise a sufficiency of evidence argument. The prosecution set forth two theories under which Thomas could be convicted of first degree murder, premeditation and felony-murder. The trial court ruled on Thomas' challenge to the sufficiency of evidence on the premeditation theory, but not on his challenge to the felony-murder theory
 While it is difficult to determine exactly what his argument is, Thomas seems to contend that the felony-murder theory should have been excluded as legally incorrect because the trial court failed to rule on the sufficiency of evidence under that theory. This contention without merit.
 Witnesses saw Thomas dragging the unwilling victim, found her bleeding to death, and found him less than half a mile away from her with her blood all over him. In addition, Thomas confessed to having killed the girl. There was additional testimony from two of his prior victims who had been abducted in the same area and sexually molested, but escaped rape only because Thomas was unable to complete the act. Therefore, viewing the evidence in the light most favorable to the prosecution, a rational trier of fact would find overwhelming evidence of first degree murder under either theory. Jackson v. Virginia, 443 U.S. 307, 319 (1979).