1 F.3d 1247
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Oliver N. GILL, Jr., Defendant-Appellant.
 No. 92-30346.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted July 12, 1993.
Decided July 28, 1993.
 
 Before FARRIS, FERGUSON and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Oliver Gill pleaded guilty to being an ex-felon in possession of a firearm, 18 U.S.C. Sec. 922(g), and his sentence was enhanced under the Armed Career Criminal Act, 18 U.S.C. Sec. 924(e). Gill appeals the district court's refusal to exercise its supervisory power to reduce his sentence in response to prosecutorial delay. Gill also collaterally challenges the constitutionality of his prior convictions serving as predicates for the Sec. 924(e) enhancement. We affirm.
 
 
 3
 Our review of a district court's exercise of its supervisory powers is for abuse of discretion, United States v. Simpson, 813 F.2d 1462, 1465 n. 2 (9th Cir.1987), so our review of a district court's refusal to exercise its supervisory powers is at least as deferential.
 
 
 4
 Gill first requested that the Sec. 924(e) enhancement be dismissed. Because a speedy trial violation is nonjurisdictional, and because Gill voluntarily pleaded guilty, he has waived this form of relief. See United States v. Bohn, 956 F.2d 208, 209 (9th Cir.1992) (per curiam); United States v. Yunis, 723 F.2d 795, 796 (11th Cir.1984).
 
 
 5
 Gill also requested that his sentence be lowered, which would require going beneath the statutory minimum. We find no abuse of discretion in the district court's decision not to do so.[1] We find no indication of speedy trial violations by the government so flagrant as to require the district court's exercise of its supervisory powers to deter similar future prosecutorial misconduct. See United States v. Hastings, 461 U.S. 499, 505 (1983) (citing United States v. Payner, 447 U.S. 727, 735-36 n. 8 (1980)).
 
 
 6
 We also find that at least three of Gill's prior convictions are not susceptible to collateral attack, and thus serve as proper predicates for the Sec. 924(e) enhancement. First, as to his 1974 arrest for selling heroin, Gill has presented no evidence implicating his arresting officers in any unconstitutional conduct and no evidence of any other relevant infirmity. Next, Gill's 1968 assault conviction is valid because Gill claims only a violation of the Speedy Trial Act, not the constitutional right to a speedy trial, see Barker v. Wingo, 407 U.S. 514, 523 (1972), and because his voluntary nolo contendere plea serves to waive this collateral attack, see Ortberg v. Moody, 961 F.2d 135, 137-38 (9th Cir.1992). Finally, Gill's 1986 marijuana conviction is valid. Assuming, as we must, that the jury "resolved all [credibility matters and evidentiary conflicts] in a manner which supports the verdict," United States v. Goode, 814 F.2d 1353, 1355 (9th Cir.1987), a rational jury could have found Gill guilty beyond a reasonable doubt. Furthermore, Gill's objection to the admission of the tape recording is unavailing on collateral attack because a federal statute authorizes the recording at issue, see 18 U.S.C. Sec. 2511(2)(c), and trial counsel's failure to object on the grounds of state law does not amount to ineffective assistance of counsel because the statements would have been admissible to rebut Gill's contradictory trial testimony. See Michigan v. Harvey, 494 U.S. 344, 350-52 (1990); Oregon v. Hass, 420 U.S. 714, 722-24 (1975).
 
 
 7
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 We assume arguendo that Gill succeeds on numerous complex, threshold issues: that he has not also waived this form of relief; that his claim is reviewable, see United States v. Fuentes, 925 F.2d 1191, 1193 (9th Cir.1991); cf. 18 U.S.C. Sec. 3742(1) (appellate review over sentence "imposed in violation of law"); that the district court had the power in this case to depart below the statutory minimum, see United States v. Valente, 961 F.2d 133, 134 (9th Cir.1992); Wade v. United States, 112 S.Ct. 1840, 1844 (1992); and that there was in fact a speedy trial violation