48 F.3d 1229
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Benson A. UNANKA, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 94-55131.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 15, 1995.*
Decided Feb. 23, 1995.
 
 Before: SCHROEDER, CANBY, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Benson Agwumba Unanka, a federal prisoner, appeals pro se the denial of his 28 U.S.C. Sec. 2255 motion challenging his conviction for possession of heroin with intent to distribute, in violation of 21 U.S.C. Sec. 841(a)(1). Unanka contends that he received ineffective assistance of counsel because his attorney (1) failed to file a suppression motion, (2) obtained an inadequate plea bargain and (3) failed to file a direct appeal. Unanka also appeals the dismissal of his mandamus petition. He contends that the district court erred by finding that it lacked jurisdiction to order the INS to begin deportation proceedings. We affirm.
 
 
 3
 We review de novo the denial of a Sec. 2255 motion. Frazer v. United States, 18 F.3d 778, 781 (9th Cir.1994). The district court may deny a Sec. 2255 motion without an evidentiary hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. Sec. 2255; see Frazer, 18 F.3d at 781.
 
 
 4
 To establish ineffective assistance of counsel, a defendant must establish that counsel's performance was deficient and that the deficiency prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). There is a strong presumption that an attorney's conduct fell within "the wide range of reasonable professional assistance." Id. at 689. To establish prejudice, the defendant must show that but for counsel's errors, the outcome of the proceedings would have been different. Id. at 687.
 
 
 5
 Unanka contends that his attorney provided ineffective assistance by failing to file a suppression motion. A valid guilty plea waives claims of pre-plea constitutional violations. Tollett v. Henderson, 411 U.S. 258, 267 (1973); Ortberg v. Moody, 961 F.2d 135, 137-38 (9th Cir.), cert. denied, 113 S.Ct. 225 (1992). Thus, if Unanka's guilty plea was constitutionally proper, then he cannot claim that his conviction was improperly based on counsel's ineffective assistance regarding any Fourth Amendment violation. Unanka contends that his guilty plea was not constitutionally proper because counsel coerced him into pleading by promising to make a Fourth Amendment challenge later. Unanka did not make this claim in the district court, and we decline to consider it for the first time on appeal. See United States v. Keller, 902 F.2d 1391, 1395 (9th Cir.1990). The district court did not err by denying Unanka's claim regarding the filing of a suppression motion.
 
 
 6
 Unanka contends that his attorney was ineffective for failing to obtain a better plea bargain. Unanka pleaded guilty to heroin possession, a crime that carried a ten-year mandatory minimum sentence. See 21 U.S.C. Sec. 841(b)(1)(A). Counsel obtained a plea bargain in which the government agreed to recommend the minimum ten-year sentence. Citing United States v. Montilla, 870 F.2d 549 (9th Cir.1989), amended, 907 F.2d 115 (9th Cir.1990), Unanka argues that counsel could have avoided the mandatory minimum sentence by persuading the government to let him plead guilty to conspiracy, an offense that does not carry a mandatory minimum. See id. at 551. This argument fails because unlike the defendant in Montilla, Unanka was not charged with conspiracy.
 
 
 7
 Unanka contends that his attorney was ineffective for failing to file a direct appeal. This contention lacks merit.
 
 
 8
 If the defendant consents to the abandonment of his appeal, then counsel's failure to file a notice of appeal does not amount to ineffective assistance. United States v. Horodner, 993 F.2d 191, 195 (9th Cir.1993).
 
 
 9
 Here, the government submitted Unanka's attorney's declaration that "Because the sentence imposed was the lowest possible sentence, and because there were no grounds for a downward departure, there were no grounds upon which to appeal.... Based on the above, [Unanka] advised me that he did not want to file an appeal." Unanka has submitted copies of letters he sent to counsel in March and May 1990, stating that he wished to appeal his sentence, having met other prisoners with shorter sentences. Unanka's deadline for filing a notice of appeal, however, was January 22, 1990; his letters do not refute counsel's declaration. The district court did not err by denying this claim. See Frazer, 18 F.3d at 781.
 
 
 10
 Accordingly, we affirm the district court's denial of Unanka's 28 U.S.C. Sec. 2255 motion.
 
 
 11
 Unanka, a citizen of Nigeria, contends that the district court erred by finding that it lacked jurisdiction to entertain his petition for speedy deportation even though the Immigration & Naturalization Service (INS) has lodged a detainer notifying him of possible deportation. Non-citizen aggravated felons are subject to deportation after having served their sentences, and the Attorney General must "provide for the initiation and, to the extent possible, the completion of deportation proceedings" before these prisoners' release. 8 U.S.C. Sec. 1252a(d)(1). A prisoner may seek mandamus relief to force the INS to start deportation proceedings. Garcia v. Taylor, 40 F.3d 299, 304 (9th Cir.1994). We conclude, however, that mandamus is not appropriate here because there has been no showing that the INS will not complete deportation proceedings before Unanka has served his sentence. Cf. id. (probable release date eighteen months in future). Accordingly, we affirm the denial of Unanka's mandamus petition.
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, appellant's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3