NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-17235 |
| Plaintiff-Appellee, | D.C. No.3:15-cv-00109-MMD |
| v. | |
| DAVID ARNOLD, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Miranda M. Du, District Judge, Presiding

Submitted January 18, 2017**

Before:   TROTT, TASHIMA, and CALLAHAN, Circuit Judges.

David Arnold appeals from the district court's order affirming the judgment

of conviction entered by a magistrate judge following his nolo contendere plea to

four misdemeanor petty offenses for camping on public land in California.  We

have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

\*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Arnold's nolo contendere plea waived all nonjurisdictional defects that preceded his plea, although he can challenge the voluntary and intelligent nature of the plea. *See Tollett v. Henderson*, 411 U.S. 258, 267 (1973); *Ortberg v. Moody*, 961 F.2d 135, 137-38 (9th Cir. 1992). Arnold maintains that his plea was coerced because his counsel told him he would go to jail if he did not enter a plea and he feared losing his mobile home and medical care. The record shows, however, that Arnold understood the charges, the rights he was waiving, and the penalties he faced, and that he pleaded nolo contendere voluntarily and intelligently in order to resolve the citations immediately. Moreover, although the district court erred in failing to state the minimum and maximum penalties, Arnold has not shown that, but for this omission, he would not have pleaded nolo contendere. *See United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004). Even if Arnold's remaining claims are not waived, they fail for lack of support in the record.[1]

**AFFIRMED.**

---

[1] We deny Arnold's request to take judicial notice of the facts he cites in support of his claim that the magistrate judge plainly erred in accepting a plea to a citation that was outside of the issuing Bureau of Land Management ranger's jurisdiction. The exact location where the ranger issued the citation- a fact presented for the first time on appeal- is subject to reasonable dispute, and therefore is not judicially noticeable. *See* Fed. R. Evid. 201(b); *Reina-Rodriguez v. United States*, 655 F.3d 1182, 1193 (9th Cir. 2011).