NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 4 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

KEENAN G. WILKINS, AKA Nerrah
Brown,

               Petitioner-Appellant,

v.

JEFF MACOMBER, Warden,

               Respondent-Appellee.

No.   22-16072

D.C. No. 3:16-cv-00221-SI

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Susan Illston, District Judge, Presiding

Argued and Submitted February 8, 2024
San Francisco, California

Before: R. NELSON, FORREST, and JOHNSTONE, Circuit Judges.[**]

Petitioner-Appellant Keenan Wilkins, also known as Nerrah Brown, appeals

the dismissal of his 28 U.S.C. § 2254 habeas corpus petition challenging his

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     Pursuant to General Order 3.2(h), Judge Johnstone has been drawn to replace Judge Sanchez in this matter. Judge Johnstone has reviewed the briefs and the record, and listened to the recording of the oral argument in this case.

California conviction on seven counts of second-degree robbery, seven counts of false imprisonment by violence, and one count of making criminal threats.[1] We review de novo a district court's denial of habeas relief. *Balbuena v. Sullivan*, 980 F.3d 619, 628 (9th Cir. 2020). We may only grant habeas relief if the state court's adjudication of a claim (1) "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)–(2). We affirm in part and remand in part.

1. ***Competency-Related Claims.*** Wilkins contends that his Fourteenth Amendment due process rights were violated because he was not present at the competency hearing held before he was committed to the state hospital and because California refused to prescribe him Seroquel. Criminal defendants have "the right to be present at any stage of the criminal proceeding that is critical to its outcome if his presence would contribute to the fairness of the procedure." *Kentucky v. Stincer*, 482 U.S. 730, 745 (1987). The Supreme Court has never held that a competency hearing is a critical stage of criminal proceedings. Although the Court's precedent leads

---

[1]Wilkins also raised the uncertified issue that the district court improperly dismissed several claims of his second amended petition as unexhausted. We decline to expand the certificate of appealability and, accordingly, dismiss the uncertified issue for lack of jurisdiction. *Doe v. Woodford*, 508 F.3d 563, 569 (9th Cir. 2007).

towards that conclusion—and this court has so held on direct appeal, *see United States v. Gillenwater*, 717 F.3d 1070, 1077 (9th Cir. 2013)—the California Supreme Court's holding that Wilkins's due process rights were not violated was not an unreasonable application of existing Supreme Court precedent. *See White v. Woodall*, 572 U.S. 415, 419 (2014); *see also Clark v. Broomfield*, 83 F.4th 1141, 1149 (9th Cir. 2023) ("Given a Supreme Court holding in one context, circuit law cannot 'bridge the gap' to reach a new context, even as a 'logical next step.'" (citations omitted)). Likewise, Wilkins does not cite any Supreme Court authority clearly establishing a due process right to receive a particular medication for mental illness.

2. ***Speedy-Trial Right.*** Forty-nine months after he was arrested (but seventeen months before his trial), Wilkins presented a speedy-trial challenge to the California Supreme Court, which it summarily denied. We assess speedy-trial claims by balancing: the "[l]ength of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant." *Barker v. Wingo*, 407 U.S. 514, 530 (1972).

The total length of delay at issue, forty-nine months, is presumptively prejudicial. *See id.* at 534 ("[M]ore than four years was too long a period, particularly since a good part of that period was attributable to the [prosecution] . . . ."). Eleven months of that delay are attributable to the State. The remaining delay is attributable

3

to Wilkins. We reject Wilkins's argument that the 96 days in 2007 when criminal proceedings were suspended pending a competency hearing should be attributed to the State because there is no evidence that the state court's failure to follow the statutory competency-evaluation procedures with exact precision constituted deliberate or negligent delay. We also decline to attribute the delay from March 2008 to May 2011—when Wilkins was not prescribed Seroquel—to the State because Wilkins fails to establish that his mental illness is what caused this delay.

Wilkins both asserted his speedy-trial rights and incongruently engaged in conduct that significantly delayed his trial, such as frequently switching between different counsel and self-representation, filing excessive pro se matters with the trial court and for collateral review, and repeatedly waiving his speedy trial rights. *United States v. Loud Hawk*, 474 U.S. 302, 314 (1986). We conclude that Wilkins shows presumptive prejudice, but no actual prejudice. *See Doggett v. United States*, 505 U.S. 647, 656 (1992) ("[P]resumptive prejudice cannot alone carry a Sixth Amendment claim without regard to the other *Barker* criteria, it is part of the mix of relevant facts, and its importance increases with the length of delay." (citation omitted)). And although the State's unexplained eleven-month delay weighs in Wilkins's favor, on the whole, the *Barker* factors weigh against finding a speedy-trial violation. The California Supreme Court could have considered Wilkins's

petition and reasonably concluded that his speedy-trial rights were not violated by the State's delay.

**3.** ***Ineffective Assistance of Trial Counsel.*** Wilkins contends his trial counsel erroneously advised him that accepting the State's plea deal would require waiving all his appellate rights, even those that cannot be waived. The record indicates that Wilkins refused the plea deal because he wanted to preserve "all appellate rights," including, specifically, a speedy-trial claim. Because a felony guilty plea extinguishes speedy-trial claims, regardless of appeal waiver, Wilkins received correct advice. *See Ortberg v. Moody*, 961 F.2d 135, 137–38 (9th Cir. 1992); *People v. Egbert*, 59 Cal. App. 4th 503, 508 (Cal. Ct. App. 1997). And he fails to show "a reasonable probability" that but-for counsel's advice he "would have accepted the plea" that required him to forfeit his speedy-trial claim. *Lafler v. Cooper*, 566 U.S. 156, 163–64 (2012).

Wilkins argues that his trial counsel failed to investigate an alibi defense until after Wilkins testified about it at trial, which was too late to use this information effectively. But the record demonstrates that counsel thoroughly investigated Wilkins's primary alibi and the second alibi was peripheral until Wilkins began embellishing at trial. Under the doubly deferential standard of review that applies, there is a "reasonable argument that counsel satisfied *Strickland*'s deferential standard" despite not investigating the second alibi. *Harrington v. Richter*, 562 U.S.

5

86, 105 (2011).

4. ***Eighth Amendment.*** Wilkins claims that his 100-year sentence violates the Eighth Amendment. Compared to sentences that the Supreme Court has upheld in the face of Eighth Amendment challenges, Wilkins's underlying crime and criminal history are more serious and his sentence, though severe, is comparable. *See, e.g.*, *Ewing v. California*, 538 U.S. 11 (2003); *Lockyer v. Andrade*, 538 U.S. 63, 68 (2003); *Harmelin v. Michigan*, 501 U.S. 957 (1991); *Rummel v. Estelle*, 445 U.S. 263 (1980).

5. ***Ineffective Assistance of Appellate Counsel (IAAC).*** When the district court concluded that Wilkins's IAAC claim in his First Amended Petition was unexhausted, it gave Wilkins the options to either dismiss the unexhausted claims and proceed on his single exhausted claim; dismiss the petition without prejudice and exhaust his claims in state court; or move to stay the proceedings so that he could exhaust his claims in state court. Wilkins did not take any of these options. Instead, he filed a pro se habeas petition with the California Supreme Court to exhaust his IAAC claim. Later, with the assistance of new counsel, Wilkins filed a Second Amended Petition in federal court and sought reconsideration of whether his IAAC claim was exhausted.

In February 2021, the district court declined to consider the pro se state petition as a sanction for Wilkins's failure to elect any of the three exhaustion options

6

he was given. The district court, however, concluded that Wilkins's entire IAAC claim in his Second Amended Petition was nevertheless exhausted based on a purported concession by the State. A year later, in the order now on appeal, the district court modified its prior order, recognizing that it had overstated the State's concession about whether Wilkins's IAAC claim was exhausted. Accordingly, the district court reimposed its original sanction—declining to consider the pro se habeas petition that Wilkins filed in state court—and found the bulk of Wilkins's IAAC claim unexhausted. In the same order, the district court denied the rest of Wilkins's petition on the merits. By reversing its exhaustion conclusion, limiting its review of the IAAC claim to the portion it deemed was exhausted, and then denying Wilkins's petition on the merits, the district court seemingly violated the prohibition on mixed-petition adjudication. *See Rhines v. Weber*, 544 U.S. 269, 273–74 (2005).

The problem is that, as is apparent from the record and as the State conceded at oral argument, Wilkins exhausted the entirety of his IAAC claim through his pro se petition to the California Supreme Court. Thus, in fact, Wilkins's federal habeas petition consisted only of exhausted claims, including his entire IAAC claim. Because the district court addressed only a portion of that claim, we remand for the district court to address Wilkins's full IAAC on the merits.

**AFFIRMED IN PART; REMANDED IN PART.**