5 F.3d 538
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Asatour NAGAPETIAN, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellant.
 No. 92-15433.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 12, 1993.*
Decided Sept. 15, 1993.
 
 Appeal from the United States District Court, for the District of Nevada, D.C. No. CV-91-00660-PMP; Philip M. Pro, District Judge, Presiding.
 D.Nev., 935 F.2d 277.
 AFFIRMED.
 Before: POOLE, FERGUSON and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Asatour Nagapetian, a federal prisoner, appeals pro se the district court's denial of his 28 U.S.C. Sec. 2255 motion challenging his conviction on the ground that he received ineffective assistance of counsel. Nagapetian contends that the district court erred by denying his motion without holding an evidentiary hearing on his claim. We have jurisdiction over Nagapetian's timely appeal pursuant to 28 U.S.C. Sec. 2255.[1] We affirm.
 
 
 3
 * We review de novo the district court's denial of a section 2255 motion. United States v. Angelone, 894 F.2d 1129, 1130 (9th Cir.1990). The decision whether to conduct a full evidentiary hearing in a section 2255 proceeding is committed to the district court's discretion. See Watts v. United States, 841 F.2d 275, 277 (9th Cir.1988) (per curiam).
 
 II
 
 4
 Section 2255 requires a district court to hold an evidentiary hearing "[u]nless the motions and files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. Sec. 2255; see also Rule 4(b), Rules Governing Section 2255 Proceedings, 28 U.S.C. foll. Sec. 2255. The district court may deny a section 2255 motion without an evidentiary hearing only if the movant's allegations, viewed against the record, either do not state a claim for relief or are so palpably incredible or patently frivolous as to warrant summary dismissal. Marrow v. United States, 772 F.2d 525, 526 (9th Cir.1985). The movant must make "specific factual allegations which, if true, would entitle him to relief." United States v. Poopola, 881 F.2d 811, 812 (9th Cir.1989). " 'Notice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.' " O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir.1990) (discussing summary dismissals under Rule 4, Rules Governing Section 2254 Cases, 28 U.S.C. foll. Sec. 2254 (quoting Blackledge v. Allison, 431 U.S. 63, 75 n. 7 (1977) (other quotations omitted), cert. denied, 111 S.Ct. 906 (1991).
 
 
 5
 Even when a motion states a claim, however, district courts still may dismiss it without a full evidentiary hearing. "[T]here are times when allegations of facts outside the record can be fully investigated without requiring the personal presence of the prisoner." Watts v. United States, 841 F.2d 275, 277 (9th Cir.1988) (per curiam). The decision whether to conduct a full hearing is committed to the district court's discretion; section 2255 requires only that a prisoner's claim be given careful consideration, including a full opportunity to present relevant facts. Id. at 277. Thus, a district court may deny a motion without holding an evidentiary hearing if the court expands the record with, for example, discovery or documentary evidence, and this additional evidence conclusively shows that the prisoner is not entitled to relief. See id. at 277-78.
 
 
 6
 Here, Nagapetian alleged that his counsel rendered him ineffective assistance by failing to inform him of the government's offer of a plea bargain. The government attached to its response the sworn affidavit of Nagapetian's defense counsel, who stated that he told Nagapetian of the plea offer, discussed the consequences of pleading guilty, and explained that a trial would be difficult and the chances of acquittal would be slim. He also stated that Nagapetian strongly rejected the offer. Nagapetian then filed a motion for an evidentiary hearing, contending that the facts were in dispute and that defense counsel's affidavit together with "the affidavits Petitioner possibly will attach to his traverse ... will create an atmosphere of 'trial by affidavits' ... and will thereby deprive Petitioner of his due process rights to an intolerable degree." When Nagapetian filed his traverse, he did not attach any affidavits.
 
 
 7
 By failing to file an affidavit, despite his assertions that he would do so, Nagapetian failed to create an issue of material fact. Moreover, on appeal, he asserts only that he was denied "a chance to confront the affiant." Nagapetian has no right to confront his defense counsel: the purpose of evidentiary hearings is to allow judges to give claims "careful consideration ..., including full opportunity for presentation of relevant facts." See Watts, 841 F.2d at 277 (quoting Blackledge, 431 U.S. at 82 n. 25). Under these circumstances, the district court did not abuse its discretion by failing to hold a full evidentiary hearing. See id. (although "when the issue is one of credibility, resolution on the basis of affidavits can rarely be conclusive," in certain cases issues of credibility may be conclusively determined based on the record and documentary evidence).
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The district court never entered a separate judgment of its order denying Nagapetian's section 2255 motion pursuant to Fed.R.Civ.P. 58. Accordingly, we construe Nagapetian's opening brief as a timely notice of appeal. See Smith v. Barry, 112 S.Ct. 678, 681-82 (1992); Vernon v. Heckler, 811 F.2d 1274, 1276 (9th Cir.1987) (separate judgment rule)