**Franklin Eugene WATTS, Jr.,**
**Petitioner–Appellant,**

v.

**UNITED STATES of America,**
**Respondent–Appellee.**

**No. 86–15019.**

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 5, 1987.*

Decided March 2, 1988.

Ladd A. Baumann, Baumann & Hull, Agana, Guam, for petitioner-appellant.

D. Paul Vernier, Jr., Asst. U.S. Atty., Agana, Guam, for respondent-appellee.

---

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth

Circuit Rule 34–4 and Fed.R.App.P. 34(a).

Before BROWNING, Chief Judge, WRIGHT and LEAVY, Circuit Judges.

PER CURIAM:

Under 28 U.S.C. § 2255 a judge may hear a motion by expanding the record with documentary testimony and evidence. In this case we consider the circumstances in which such a hearing is proper. We conclude that Judge Duenas satisfied the requirements of section 2255 by ruling on Watts' motion based on the record of the plea hearing, affidavits from all witnesses to the plea agreement, interrogatories of Watts and his wife, the judge's own recollections of the proceedings, Watts' Rule 35 motion and letters written to the judge by Watts. We affirm the denial of the motion.

BACKGROUND

Watts pleaded guilty to second degree murder and attempted murder. His wife pleaded guilty to the offense of accessory after the fact. The sentencing court conducted thorough Rule 11 plea hearings at which Watts and his wife testified under oath. The court questioned both of them to establish that they entered their pleas voluntarily and knowingly and to establish factual bases for their guilty pleas.

Watts and his wife declared individually that each had read and understood his or her plea agreement. Watts explained to the court that he understood that under the plea agreement he could be sentenced from one day to life in prison, that if the government recommended a sentence greater than thirty years he may challenge it, and that the government would drop the remaining charges if he pleaded guilty to second degree and attempted murder. Watts' wife explained that she knew that she could receive a sentence up to ten years.

The judge explained fully to Watts and his wife the crimes to which they pleaded guilty. Both acknowledged that they understood the judge's explanation. Watts described for the judge the circumstances under which he killed one child and at-tempted to kill another. His wife described her efforts to protect her husband from the police. Both attorneys examined Watts and his wife about these events. Through his exchanges with both defendants and by observing the examinations of Watts and his wife, Judge Duenas concluded that Watts and his wife pleaded guilty voluntarily and knowingly, and that they confessed truthfully to the crimes.

Watts filed a section 2255 motion to set aside his plea, asserting ineffective assistance of counsel and coercion. He alleged his counsel informed him that the prosecutor had promised that Watts' sentence would be light, that his wife would not serve time in prison, and that his children would be placed in the same foster home if Watts pleaded guilty. Watts further stated his attorney led him to believe the court approved of this agreement. He alleged also that he did not know the terms of his wife's plea agreement because he and his wife were prevented from discussing their agreements while they were held in separate custody. Finally, Watts alleged that his attorney told him not to disclose to the court the secret agreement concerning his wife and children.

Judge Duenas, the judge who sentenced Watts, heard the section 2255 motion. Upon a motion by Watts' attorney, the court held a hearing to determine whether Watts' claim required an evidentiary hearing with Watts and his wife present to testify, or if the court could hear the claim "on the record."

Watts' attorney told the court that the only purpose served by a hearing would be to allow Watts and his wife to testify to the information contained in the interrogatories. Rather than bring Watts and his wife from the continental United States to testify to information that he had before him, the judge admitted for the record interrogatories of Watts and his wife.

On the basis of the records from the plea hearing, the interrogatories of Watts and his wife alleging a secret agreement, affidavits of Watts' former defense counsel and the prosecutor denying such an agreement, affidavits of Watts' in-laws claiming

that the attorney of Watts' wife told them of the secret agreement, the Rule 35 motion filed by Watts, two letters written to the Judge by Watts, and his own recollections, Judge Duenas denied Watts' motion.

Watts challenges this denial. He argues that the court erred in resolving contradicting affidavits and interrogatories concerning a secret agreement without an evidentiary hearing at which he and his wife could testify.

ANALYSIS

Section 2255 requires that "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall ... grant a prompt hearing ..., determine the issues and make findings of fact and conclusions of law." 28 U.S.C. § 2255 (1982). When section 2255 motions are based on alleged occurrences entirely outside the record, which if true would support relief, the court must conduct a hearing on those allegations "unless, viewing the petition against the record, its allegations do not state a claim for relief or are so patently frivolous or false as to warrant summary dismissal." *See Baumann v. United States*, 692 F.2d 565, 571 (9th Cir.1982).

In deciding such motions judges need not conduct full evidentiary hearings. *See* Rules Governing Habeas Corpus Cases. Section 2255 itself "recognizes that there are times when allegations of facts outside the record can be fully investigated without requiring the personal presence of the prisoner." *Machibroda v. United States*, 368 U.S. 487, 495, 82 S.Ct. 510, 514, 7 L.Ed.2d 473 (1962).

Case law and the Rules Governing Habeas Corpus Cases recognize that courts may expand the record for considering section 2255 motions with discovery and documentary evidence. *Blackledge v. Allison*, 431 U.S. 63, 81–83, 97 S.Ct. 1621, 1632–34, 52 L.Ed.2d 136 (1977) (citing Rules Governing Habeas Corpus Cases); *Farrow v. United States*, 580 F.2d 1339, 1352–53 (9th Cir. 1978). Judges may also supplement the record with their own notes and recollections of the plea hearing. *Abatino v. United States*, 750 F.2d 1442, 1444 (9th Cir. 1985); *Farrow*, 580 F.2d at 1352.

Decisions to hold hearings and conduct discovery in such cases are committed to the court's discretion. *Machibroda*, 368 U.S. at 495, 82 S.Ct. at 514. Section 2255 requires only that the judge give the prisoner's claim "careful consideration and plenary processing, including full opportunity for presentation of the relevant facts." *Blackledge*, 431 U.S. at 82–83, 97 S.Ct. at 1633.

Although we recognize that "[w]hen the issue is one of credibility, resolution on the basis of affidavits can rarely be conclusive," *Blackledge*, 431 U.S. at 82 n. 25, 97 S.Ct. at 1633 n. 25, we find that this is one of those cases in which an issue of credibility may be conclusively decided on the basis of documentary testimony and evidence in the record.

Watts alleges his attorney informed him that he and the prosecutor had "reached an agreement" that, in return for a guilty plea, Watts would receive no more than 20 years imprisonment and his wife would either be released or sentenced to no more than two years imprisonment. Watts also alleges his attorney led him to believe that the court had approved this agreement. There are several matters in the record which, in combination, disprove Watts' allegations.

After Watts was sentenced to life and his wife to ten years, Watts made no suggestion that the prosecutor or the judge had breached an agreement until he filed his section 2255 petition 14 months later.

Three months after Watts was sentenced, he filed a Rule 35 motion asking that he be resentenced as a Youthful Offender under 18 U.S.C. § 5010(B) or, alternatively, for a term of less than life under 18 U.S.C. § 4205(B)(2), so he would be eligible for earlier release, pointing out that his three infant children "will be adversely affected by their father's incarceration or prolonged absence." He said he had pled guilty "because he was misled by his attorney, and because he was willing to suffer some consequences (but not life imprisonment) to protect his wife." He made no

mention of the alleged agreement to sentence him to a term of no more than 20 years and to release his wife, despite its obvious relevance. Since at that point any such agreement would clearly have been breached, failure to mention it could no longer be explained by the alleged statement of Watts' attorney that disclosure might jeopardize the performance of the agreement.

Seven months after he was sentenced, Watts wrote Judge Duenas from prison in Texas. He pointed out that, because of his life sentence, he would be in prison for ten years or more. "Due to this length of time," he wrote, "and the fact that my wife also is in prison we feel it will have a long-lasting affect on our children." He asked Judge Duenas to recommend to the Bureau of Prisons that he be transferred to a prison in California so he would have greater access to his children who were living with their grandparents in Oregon. Although Watts now alleges he believed the judge had approved the agreement to sentence him to a much shorter term and his wife to no term at all, he did not remind Judge Duenas of the alleged agreement at this time, when there was no longer any possible reason for secrecy.

Thirteen months after sentencing and less than a month before filing his Section 2255 motion, Watts again wrote to Judge Duenas. He asked Judge Duenas to assist him in correcting his prison file to reflect the fact that he had been released from custody without bail both prior to and after his plea, and that he had surrendered for sentencing when told to do so. Watts wrote "I am confined in Texas, a very long way from my home and family, if I am able to correct the information in my prison file, I can very possibly be transferred to another institution much closer to my home and family." Again, Watts made no mention of the alleged plea agreement that would have significantly shortened his term.

It is impossible to believe that if Watts had thought he was to receive a sentence of no more than 20 years rather than the life sentence he was given, and that his wife would go free rather than being sentenced to ten years as she was, he would not have mentioned this obviously relevant inconsistency in his Rule 35 motion and in his correspondence with Judge Duenas. Watts' earlier silence refutes his present allegations.

Based on this information, Judge Duenas could properly conclude that "[t]he records in this matter conclusively show that petitioner is entitled to no relief," 28 U.S.C. § 2255, and deny Watts' motion without a hearing. *See Johnson v. United States,* 539 F.2d 1241, 1245 (9th Cir.1976); *Raines v. United States,* 423 F.2d 526, 531 (4th Cir.1970).

The district court's denial is AFFIRMED.