959 F.2d 242
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
John Sidney CLEVELAND, aka Bytholemew Sidney Edbert aka
"Snake", Defendant-Appellant.
 No. 91-35387.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 25, 1992.*
Decided March 30, 1992.
 
 Before JAMES R. BROWNING, TANG and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 John Sidney Cleveland, a federal prisoner, appeals pro se the district court's denial of his 28 U.S.C. § 2255 motion. Cleveland contends that he was denied effective assistance of counsel. We review de novo, United States v. Angelone, 894 F.2d 1129, 1130 (9th Cir.1990), and we vacate and remand.
 
 A. Challenge to Sentence
 
 3
 Cleveland contends that his counsel was ineffective because he failed to show and to discuss with Cleveland the presentence investigation report before the sentencing hearing. This contention has merit.
 
 
 4
 To demonstrate ineffective assistance of counsel, a defendant must show that his or her attorney's performance was deficient and that the deficient performance prejudiced his or her defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). Prejudice is established if "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694; see Watts v. United States, 841 F.2d 275, 277 (9th Cir.1988) (under 28 U.S.C. 2255, " '[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall ... grant a prompt hearing ..., determine the issues and make findings of fact and conclusions of law' ").
 
 
 5
 Here, the sentencing judge asked only Cleveland's counsel whether he had seen the presentence report; the judge did not inquire whether Cleveland had seen the presentence report. While it is clear from the record that Cleveland's counsel reviewed the report, there is no indication that he showed it to Cleveland or discussed it with him.
 
 
 6
 The district court erred by denying Cleveland's section 2255 motion without holding an evidentiary hearing. First, counsel's alleged failure to show Cleveland the presentence report may constitute deficient performance. See Fed.R.Crim.P. 32(c)(3)(A); cf. United States v. Maree, 934 F.2d 196, 200 (9th Cir.1991) (to satisfy the requirements of Fed.R.Crim.P. 32(a)(1)(A), sentencing judge must have "reasonably rel[ied] on evidence indicating that a defendant has read the presentence report and discussed it with counsel"). Second, Cleveland alleges that he was prejudiced by counsel's failure to show him the presentence report because he was unable to challenge factual inaccuracies contained in the report. See Fed.R.Crim.P. 32(c)(3)(D). Accordingly, we vacate and remand for an evidentiary hearing on this issue.[1]
 
 
 7
 Moreover, on appeal, Cleveland contends that his attorney was ineffective because he failed to argue for a downward adjustment to Cleveland's offense level for acceptance of responsibility under section 3E1.1 of the United States Sentencing Guidelines, and he did not object to the government's failure to recommend that Cleveland receive this downward adjustment.[2] Our remand of this case will afford the district court an opportunity to consider these issues.[3]
 
 
 8
 VACATED AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The government contends that Cleveland is barred from challenging the sentencing court's failure to comply with Fed.R.Crim.P. 32 because Cleveland failed to file a direct appeal. Nevertheless, Cleveland contends his counsel failed to notify him of his right to appeal the sentence and of the requirement that Cleveland file a notice of appeal within 10 days of the entry of judgment, and therefore his counsel was ineffective. Because we remand for an evidentiary hearing, we decline to consider the merits of whether the alleged failure to notify Cleveland of his right to appeal his sentence constituted ineffective assistance of counsel
 
 
 [2]
 In the plea agreement, the government agreed to recommend that Cleveland receive the downward adjustment for acceptance of responsibility, but the prosecutor did not make this recommendation at sentencing. Nevertheless, the presentence report recommended granting Cleveland this downward adjustment. The district court did not grant Cleveland the acceptance of responsibility reduction, and the judge did not articulate any reasons for the decision. See United States v. Brady, 928 F.2d 844, 848 (9th Cir.1991) (district court must state reasons and justifications for denying the U.S.S.G. § 3E1.1 reduction, notify the defendant of its findings, and hold a hearing on the acceptance of responsibility issue)
 
 
 [3]
 For the first time on appeal, Cleveland raised the following additional grounds for his claim of ineffective assistance:
 1) counsel did not submit a written sentencing memorandum to the sentencing court;
 2) counsel did not assert to the sentencing court the true nature of Cleveland's rape conviction;
 3) counsel failed to make pretrial motions;
 4) counsel conducted an improper investigation; and
 5) counsel failed to object to the reliability of Cleveland's prior convictions.
 Because there are no exceptional circumstances warranting review of these claims for the first time on appeal, we decline to address them at this time. See United States v. Oregon, 769 F.2d 1410, 1414 (9th Cir.1985). Nevertheless, Cleveland will not be precluded from raising these claims on remand.