959 F.2d 239
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Charles Ray COLLINS, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 91-35857.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 8, 1992.*
Decided April 14, 1992.
 
 Before JAMES R. BROWNING, EUGENE A. WRIGHT and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Charles Ray Collins appeals the district court's denial of his motion under 28 U.S.C. § 2255. We affirm.
 
 
 3
 Collins was sentenced to life imprisonment for the murder of Delores Anderson. Collins brought a section 2255 motion alleging that his plea and sentence violated his constitutional rights. The district court denied the motion without holding an evidentiary hearing on Collins's claims.
 
 DISCUSSION
 
 4
 Collins sought an evidentiary hearing to explore his allegations of events that transpired outside the scope of the record developed during the initial federal court proceedings. He alleges that the Government made an off-the-record promise that his sentence would be twenty years, not life. He further alleges that he was not competent to plead, and that he was denied effective assistance of counsel.
 
 
 5
 Collins was not entitled to an evidentiary hearing as a matter of right. Rather, a district court need not hold an evidentiary hearing when, "viewing the petition against the record, [the 2255 motion's] allegations do not state a claim for relief or are so patently frivolous or false as to warrant summary dismissal." Watts v. United States, 841 F.2d 275, 277 (9th Cir.1988) (quoting Baumann v. United States, 692 F.2d 565, 571 (9th Cir.1982)). The district court may supplement the record with discovery and documentary evidence, and its own notes and recollections of the prior proceedings. Watts, 841 F.2d at 277; Abatino v. United States, 750 F.2d 1442, 1444 (9th Cir.1985).
 
 
 6
 The district court did not abuse its discretion in denying Collins's request for an evidentiary hearing. While Collins's assertions, if true, could state a claim for relief, the record and the supplemental materials he provided indicated that his allegations were frivolous or false. Watts, 841 F.2d at 277.
 
 A. The Claim of an Off-the-Record Deal
 
 7
 The affidavit and letter of Thomas Hillier which Collins contends support his allegation of an off-the-record deal actually directly refute them. Hillier, who was Collins's counsel, states "We had no agreement as to the ultimate disposition of the case. These matters were explained to Mr. Collins." In his letter to Carl Hultman, the state prosecutor, Hillier stated "I sat down with Mr. Hogan [the federal prosecutor] to try to dispose of the case. He had little to offer me by way of bargain. He demanded a plea to the charge and would not put a "lid" on the potential sentence to be imposed by Judge Tanner." (emphasis added).
 
 
 8
 Moreover, the district court could reasonably decline to rely on the averments of Dollie Collins and Annette Harshman. The "deal" as described by these affiants makes little sense. The state could have had no interest in dismissing unrelated assault charges so that Collins could receive a relatively lenient sentence for slaying one of its citizens. At any rate, they were not present when the actual deal was made.
 
 
 9
 Finally, Collins own actions belie the deal he now claims was made. At his change of plea hearing Collins affirmed that no agreement had been made with the court regarding his sentence. The judge asked Collins if he understood that he could be sentenced to life imprisonment. Collins replied that he did. Moreover, at his sentencing hearing, after the judge told Collins he was going to sentence him to a life term, he asked Collins if he wished to say anything. Collins said, "Nothing." Finally, Collins failed to mention the now alleged deal in any of his prior appellate proceedings. Given this, "[i]t is impossible to believe that ... [Collins] ... thought he was to receive a sentence of no more than 20 years rather than the life sentence he was given...." Watts, 841 F.2d at 278. His "earlier silence refutes his present allegations." Id.
 
 B. Competency to Enter Plea
 
 10
 Collins has presented no evidence that at the time he entered his plea he lacked the "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding--and ... a rational as well as factual understanding of the proceedings against him." United States v. Frank, No. 89-10289, slip op. 1415, 1421 (9th Cir. Feb. 11, 1992) (quoting United States v. Dusky, 362 U.S. 402, 80 S.Ct. 788, 4 L.Ed.2d 824 (1960)). The competency test focuses on the defendant's mental state at the time of trial or other court proceeding, not his mental state when the act was committed. Collins does not allege that he was in a "black-out stage" on the day he changed his plea to guilty, only when he committed the murder. Collins's claim that his counsel "rehearsed" him for the psychiatric evaluation is similarly frivolous. Collins has presented no evidence of incompetency on the day he entered his plea.
 
 C. Ineffective Assistance of Counsel
 
 11
 Collins ineffective assistance of counsel claim is also groundless. Hillier's performance was not deficient under either prong of the test set forth in Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). Collins describes no acts or omissions by Hillier that overcome the strong presumption of the reasonableness of his representation. Kimmelman v. Morrison, 477 U.S. 365, 383, 106 S.Ct. 2574, 2587, 91 L.Ed.2d 305 (1986).
 
 
 12
 Moreover, even if Hillier's performance were deficient, Collins was not prejudiced. The evidence against Collins was overwhelming. No expert had found Collins to be legally insane. The district court's sentence was within the permissible range for second degree murder. Collins was not denied effective assistance of counsel.
 
 CONCLUSION
 
 13
 Collins's section 2255 motion, his supporting affidavits, the record in the case, and the district court's own recollections conclusively show that Collins is entitled to no relief. Thus, the district court did not abuse its discretion in failing to grant Collins an evidentiary hearing on his claim, nor did the court err in denying Collins section 2255 motion without a hearing.
 
 
 14
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3