983 F.2d 1075
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Charles Oren ANDERSON, Plaintiff-Appellant,
v.
Ron ANGELONE, Department of Prisons Accounting Office and
Staff; John Does, Jane Does of Prison system, et
al., Defendants-Appellees.
 No. 92-15695.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 6, 1993.*
Decided Jan. 13, 1993.
 
 Before REINHARDT, CYNTHIA HOLCOMB HALL and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Charles Oren Anderson, a Nevada state prisoner, appeals pro se the district court's dismissal of his 42 U.S.C. § 1983 action for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6). We have jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.
 
 
 3
 We review de novo the district court's dismissal for failure to state a claim pursuant to Rule 12(b)(6). Tanner v. Heise, 879 F.2d 572, 576 (9th Cir.1989). All allegations of material fact in the complaint are taken as true and construed in the light most favorable to the plaintiff. Id. In civil rights cases, where the plaintiff is pro se, the court has an obligation to construe the pleadings liberally and to afford plaintiff any benefit of the doubt. Bretz v. Kelman, 773 F.2d 1026, 1027 n. 1 (9th Cir.1985) (en banc).
 
 
 4
 To state a section 1983 claim, the plaintiff must allege facts showing a person acting under color of state law deprived the plaintiff of a right, privilege, or immunity secured by the Constitution. Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled on other grounds, Daniels v. Williams, 474 U.S. 327 (1986).
 
 
 5
 Here, Anderson's complaint alleged that he was wrongfully charged for photocopying and postage for his legal mail. Inmates have no constitutional right to free photocopying. Johnson v. Moore, 926 F.2d 921, 925 (9th Cir.1991). To state a claim for which relief can be granted based on denial of free photocopying or legal postage, an inmate must allege an actual injury consisting of some specific instance in which the denial of photocopying or legal postage resulted in a denial of access to the courts. Id.; Sands v. Lewis, 886 F.2d 1166, 1171 (9th Cir.1989). To ensure that indigent inmates have meaningful access to the courts, prison officials must provided them with postage stamps at state expense to mail legal documents. King v. Atiyeh, 814 F.2d 565, 568 (9th Cir.1987). Nevertheless, a state may adopt reasonable postage stamp regulations. Id.
 
 
 6
 Under Nevada's prison regulations, an indigent inmate is entitled to free postage for legal mail. See Nev. Dep't of performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). Deficient performance is demonstrated when the "counsel made errors so serious that the counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. There is a strong presumption that counsel's conduct falls within "the wide range of reasonable professional assistance." Id. at 689. Prejudice is established if there is a reasonable probability that but for the counsel's error, the result of the proceeding would have been different. Id.
 
 
 7
 The district court found that Chavez failed to establish the first prong of the Strickland test. In his habeas petition, Chavez specifically raised the quality of his attorney's cross-examination of the government witnesses. The district court reviewed the record and determined that counsel's cross-examinations were "well within the realm of expected professional competence." The relevant portions of the record support this determination. As the district court order stated, Chavez's attorney's cross-examination successfully established that Agent Huertas never saw Chavez in physical possession of the heroin, and never saw him driving the vehicle that transported the heroin. Thus, as the district court noted, this cross-examination cast doubt on the possession charge.
 
 
 8
 Next, Chavez argued that his attorney's failure to discuss the conspiracy charge in her closing argument amounted to ineffective assistance. The district court did not err in rejecting this argument because the form of the closing argument may have been a strategic decision. See United States v. Appoloney, 761 F.2d 520, 525 (9th Cir.) (courts should not try to "second guess" trial strategy), cert. denied, 474 U.S. 949 (1985).
 
 
 9
 Moreover, on appeal, Chavez appears to admit that he would not have been likely to prevail at trial even if his attorney had been more prepared.[2] Therefore, Chavez fails to meet the second prong of Strickland, because he has not shown prejudice. See Strickland, 466 U.S. at 687.
 
 
 10
 Because the filings and the record conclusively show that Chavez is entitled to no relief, the district court did not err in denying Chavez's request for an evidentiary hearing. See Watts v. United States, 841 F.2d 275, 277 (9th Cir.1988) (per curiam).
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [2]
 Chavez states: "The defendant does not contend that he would have likely prevailed at trial had his counsel been reasonably prepared to go to trial."