12 F.3d 1106
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
David J. DEARINGER, Petitioner-Appellant,
v.
Janet BARBOUR, Superintendent, Respondent-Appellee.
 No. 92-36641.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 2, 1993.
Decided Nov. 19, 1993.
 
 Before: TANG, FARRIS, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 David J. Dearinger seeks habeas relief from his conviction in the Pierce County Superior Court of Washington for Indecent Liberties on December 3, 1982. He alleges several constitutional violations as a result of what he describes as prosecutorial misconduct, deprivation of the right to effective assistance of counsel, and trial court error. We have jurisdiction of the timely appeal pursuant to 28 U.S.C. Sec. 1291. We affirm.
 
 
 3
 The standard for determining whether habeas relief should be granted is whether the alleged constitutional errors " 'had substantial and injurious effect or influence in determining the jury's verdict.' " Brecht v. Abrahamson, 113 S.Ct. 1710, 1714 (1993) (quoting Kotteakos v. United States, 328 U.S. 750, 766 (1946)). "[T]he reviewing court must ... make a de novo examination of the trial record" and decide that " 'the error did not influence the jury' and that 'the judgement was not substantially swayed by the error.' " Id. at 1724 (quoting Kotteakos, 328 U.S. at 764 (citations omitted).
 
 Prosecutorial Misconduct
 
 4
 Dearinger alleges several federal constitutional violations resulting from the manner in which the prosecuting attorney conducted himself at the trial. Although the prosecuting attorney's remarks were ill considered, any constitutional error was harmless beyond any doubt. The conviction was based on overwhelming evidence in the record.
 
 
 5
 Dearinger also claims that his constitutional rights were violated by the prosecutor's interview of his alibi witnesses prior to trial. Because the witnesses testified that they were not threatened by the interview and did not change their testimony as a result, Dearinger was not prejudiced.
 
 Ineffective Assistance of Counsel
 
 6
 Dearinger alleges that his Sixth Amendment right to the assistance of counsel and his Fourteenth Amendment right to due process were violated by his trial counsel's failure to render effective assistance. Dearinger lists ten to twelve mistakes which he claims individually and cumulatively deprived him of his constitutional rights.
 
 
 7
 The standard for measuring a claim of ineffective assistance of counsel is the two-prong test set forth in Strickland v. Washington, 466 U.S. 668, 687-96 (1984). Defendants must prove that their counsel's performance fell below an objective standard of reasonableness and, but for counsel's unprofessional errors, there is a reasonable probability that the result of the proceeding would have been different. See id. at 688, 694 (emphasis added); Morrison v. Estelle, 981 F.2d 425, 427 (9th Cir.1992). "Reasonable probability" is defined as "a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694.
 
 
 8
 The district court found, and we agree, that Dearinger has failed to establish that his counsel's performance was unprofessional, or below an objective standard of reasonableness. Further, there is nothing in the record to indicate that, but for the allegedly unprofessional acts of counsel, individually or cumulatively, the result of the trial would have been different.
 
 Trial Court Error
 
 9
 Dearinger alleges that his Sixth Amendment right to confront his accuser and his Fourteenth Amendment right to due process were violated because of the exclusion of the statement in the hospital record that the victim "apparently was sexually assaulted by father," because of the exclusion of a journal entry made by one of the alibi witnesses and because Dearinger's lawyer was not permitted to cross-examine the victim as to prior sexual abuse. The standard for determining whether the state court's decision to exclude evidence warrants habeas relief is set forth in Tinsley v. Borg, 895 F.2d 520, 530 (9th Cir.1990), cert. denied, 498 U.S. 1091 (1991). Defendants must prove first that the exclusion of the evidence was erroneous. Only after such a showing do the Tinsley factors come into play. Because the trial court made no error in refusing to admit the evidence offered by Dearinger pertaining to the victim's prior sexual abuse and the journal kept by one of the alibi witnesses no Tinsley analysis is necessary.
 
 
 10
 In addition, Dearinger argues that his rights were violated because the trial court instructed the jury it could find him guilty if it found that he committed the crime "on or about" 21 June, 1982 and because he did not provide the jury with instruction on the alibi defense. There was no error in giving the "on or about" instruction, where the prosecution's entire body of evidence, and the defendant's alibi, was directed at events which took place on 20 June, 1982. Further, the failure to instruct the jury on an alibi defense was harmless error: in view of the overwhelming evidence against Dearinger, the lack of an alibi instruction could not have influenced the jury's verdict.
 
 Evidentiary Hearing
 
 11
 Dearinger contends that the district court erred in concluding that he was not entitled to relief as a matter of law, and therefore declined to hold an evidentiary hearing. "A habeas corpus petitioner is entitled to an evidentiary hearing if he has alleged facts which, if proven, would entitle him to relief and he did not receive a full and fair evidentiary hearing in a state court." Greyson v. Kellam, 937 F.2d 1409, 1412 (9th Cir.1991) (quoting Norris v. Risley, 878 F.2d 1178, 1180 (9th Cir, 1989)). The decision to deny an evidentiary hearing is reviewed for abuse of discretion. Greyson, 937 F.2d at 1412; Watts v. United States, 841 F.2d 275, 277 (9th Cir.1988).
 
 
 12
 Dearinger received a fair trial. Denial of his writ for habeas corpus is
 
 
 13
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as provided by Ninth Circuit Rule 36-3