34 F.3d 1072
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Andrew Lewis McCARTER, Petitioner-Appellant,
v.
Brian GUNN, Warden, et al., Respondent-Appellee.
 No. 93-55987.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 3, 1994.[1]
Decided Aug. 29, 1994.
 
 1
 Before: O'SCANNLAIN and T.G. NELSON, Circuit Judges, and MERHIGE, Senior District Judge.[2]
 
 MEMORANDUM[3]
 
 2
 Petitioner-appellant Andrew Lewis McCarter, a state prisoner, appeals the district court's dismissal of his petition for writ of habeas corpus made under 28 U.S.C. Sec. 2254.
 
 
 3
 Appellant contends that the district court abused its discretion in denying his motion for an evidentiary hearing. Appellant has failed to demonstrate that the facts he alleges, if proven, would entitle him to relief. As such, the trial court did not abuse its discretion in denying his motion for an evidentiary hearing. See Watts v. United States, 841 F.2d 275 (9th Cir.1988).
 
 
 4
 McCarter also maintains that the district court erred in concluding that he had procedurally defaulted on several claims. Upon review, the Court concludes that appellant failed to demonstrate cause and prejudice relating to the five defaulted claims, and the dismissal of the claims was proper. Coleman v. Thompson, 501 U.S. 722 (1991).
 
 
 5
 With respect to the district court's dismissal of appellant's Fourth Amendment claims, the Court determines that the district court properly found that the state provided an opportunity for full and fair litigation of the seizure issue. See Stone v. Powell, 428 U.S. 465 (1976).
 
 
 6
 The district court also dismissed appellant's claim that his due process rights were violated by the trial court's exclusion of evidence relating to appellant's brother's conviction for masturbating in public. No constitutional violation resulted from the trial court's exclusion of this evidence. See Tinsley v. Borg, 895 F.2d 520, 530 (9th Cir.1990), cert. denied, 498 U.S. 1091 (1991).
 
 
 7
 McCarter also maintains that the trial court's questioning of a defense witness unfairly assisted the prosecution. Upon review, the Court is satisfied that the allegedly offending questioning by the district court exhibited no bias and was not an abuse of discretion. See United States v. Carmichael, 726 F.2d 158 (4th Cir.1984); Phillips v. Joint Legislative Committee, ect., 637 F.2d 1014 (5th Cir.1981), cert. denied, 456 U.S. 960 (1982).
 
 
 8
 Appellant argues that his police interrogation unlawfully extended beyond the point he unequivocally asserted his right to counsel. The Court concurs in the district court's determination that the statements made after the Fifth Amendment right was invoked were either harmless beyond a reasonable doubt, see Chapman v. California, 386 U.S. 18, 24 (1967), or were merely responsive to routine booking questions and, thus, did not implicate McCarter's Fifth Amendment rights. See Pennsylvania v. Muniz, 496 U.S. 582, 600-02 (1990).
 
 
 9
 Regarding appellant's claim of juror impartiality, the Court concludes that McCarter has failed to satisfy the applicable standard set forth in McDonough Power Equipment, Inc. v. Greenwood, 464 U.S. 548, 556 (1984).
 
 
 10
 Similarly, appellant's argument for reversal based on newly discovered evidence must be rejected in that he has not established that the alleged newly discovered evidence "would probably have resulted in [his] acquittal." Gordon v. Duran, 895 F.2d 610, 615 (9th Cir.1990).
 
 
 11
 Finally, the Court concludes that McCarter's claim of ineffective assistance of counsel falls short of the standard set forth in Strickland v. Washington, 466 U.S. 668 (1984).
 
 
 12
 AFFIRMED.
 
 
 
 [1]
 This case is appropriate for submission on the briefs and without oral argument per Fed.R.App. 34(a) and 9th Cir.R. 34-4
 
 
 [2]
 The Honorable Robert R. Merhige, Jr., Senior United States District Judge for the Eastern District of Virginia, sitting by designation
 
 
 [3]
 This disposition is not suitable for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3