48 F.3d 1229
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
David L. HARPER, Defendant-Appellant.
 No. 93-17029.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 15, 1995.*
Decided Feb. 23, 1995.
 
 Before: SCHROEDER, CANBY, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Federal prisoner David L. Harper appeals pro se the district court's denial of his 28 U.S.C. Sec. 2255 motion. Harper contends that a police officer committed perjury at the pretrial hearing to determine whether probable cause existed to enter his brothers' house to arrest him, and that the officer repeated the perjury at his jury trial. He further alleges that his attorney rendered ineffective assistance by failing to object to the perjury or to reopen the suppression issue. We have jurisdiction and affirm.
 
 
 3
 * Background
 
 
 4
 On January 3, 1989, the California state parole board issued an arrest warrant for Harper. Harper's parole officer did not have his current address.
 
 
 5
 At the end of January, the police were conducting a surveillance of a house at 10 Manzanita Street. An officer saw Harper enter the house with the key on one or two occasions. The police notified the parole officer of these facts, and together they went to 10 Manzanita to arrest Harper on the parole warrant on February 1, 1989. While in the house, the officers found drugs, which led to Harper's indictment on federal drug charges.
 
 
 6
 In a pretrial motion, Harper argued that the police lacked probable cause to believe that Harper resided at 10 Manzanita Street, and therefore, they lacked authority to enter the house to arrest him. At the evidentiary hearing, the supervising officer, John Fowlie, testified to the cumulative knowledge of the police, including information he had received from Officer John Monroe, who had conducted the surveillance. The district court denied the suppression motion.
 
 
 7
 Both Fowlie and Monroe testified at trial.
 
 
 8
 On direct appeal, Harper again argued that the police lacked probable cause to believe that he lived at 10 Manzanita Street. We rejected the argument based on the following facts:
 
 
 9
 [T]he police knew that the home at 10 Manzanita was leased to the Harper family and that Tommy and James Harper, two of David's brothers, lived there; an uncorroborated source had informed them that David lived there as well. Through intermittent surveillance, the police observed David entering the home with his own key once or twice during a three day period. The police also knew that David had lived with his family at another address immediately before he was incarcerated, suggesting that he had no independent residence and would resume living with them upon his release. In addition, the police saw cars belonging to know associates of David's parked at the Harper family home.
 
 
 10
 United States v. Harper, 928 F.2d 894, 896 (9th Cir.1991). We concluded that "[t]his information was sufficient to give the police probable cause to believe that David resided there--but just barely." Id. at 896-97.
 
 
 11
 Harper filed a pro se Sec. 2255 motion alleging that the transcript of Monroe's trial testimony showed that Fowlie had lied at the pretrial hearing and at trial. The government submitted new affidavits from Fowlie and Monroe. The district court examined the record and found that the alleged inconsistencies had been adequately explained and had no prejudicial effect.
 
 II
 Perjury
 
 12
 Harper contends that the government used perjury at the suppression hearing and at trial and that his attorney should have moved to reopen the suppression issue or for a mistrial when the perjury became apparent at trial.
 
 
 13
 "[A] conviction obtained by the knowing use of perjured testimony is fundamentally unfair." United States v. Agurs, 427 U.S. 97, 103 (1976). "[I]nconsistency is not tantamount to perjury absent a showing of knowing falsehood." United States v. Flake, 746 F.2d 535, 539 (9th Cir.1984), cert. denied, 469 U.S. 1225 (1985). To establish ineffective assistance of counsel, a petitioner must show ineffective performance and prejudice. Strickland v. Washington, 466 U.S. 668, 687, 694 (1984). We review the district court's factual findings for clear error, and its legal conclusions de novo. Thomas v. Brewer, 923 F.2d 1361, 1364 (9th Cir.1991).
 
 
 14
 Harper identifies three instances of perjury. First, Harper alleges that Fowlie lied at trial when he stated that Monroe "went to San Mateo and found the owner of the property. Whether he ever talked to him, I don't know." Harper contends that this is a lie because Monroe testified that he checked to see who owned the house, but was unable to contact the legal owner. There is no conflict of any import in this testimony. See Flake, 746 F.2d at 538-39 (rejecting perjury argument when the inconsistency did not relate to a material fact). Monroe confirmed with the rental agency that the 10 Manzanita house was a rental unit. He further checked the property records to obtain the legal owner's name. He was unable to contact the owner personally. Fowlie stated that he did not know whether Monroe talked directly to the owner.
 
 
 15
 Second, Harper alleges that Fowlie lied at the pretrial hearing by stating that officers had seen cars belonging to Billy Atkinson and Kevin Robinson at 10 Manzanita. Atkinson and Robinson were criminal associates of the Harpers. Harper contends that Fowlie lied because Monroe testified at trial that he never saw Atkinson or Robinson during his surveillance and did not know what kind of car Atkinson owned. The district court correctly determined that this was not perjury because there is no inconsistency between the statements. See id. In his affidavit, Monroe explained that he recorded the plate numbers of the cars arriving at 10 Manzanita during his surveillance. He then gave the plate numbers to Fowlie. Fowlie then checked who owned them.
 
 
 16
 Third, Harper contends that Fowlie lied about whether Harper's brothers lived at 10 Manzanita. Fowlie testified at the pretrial hearing that James Harper had been arrested during the week of the surveillance and gave his address as 10 Manzanita. Similarly, Fowlie stated that Tommy Harper had been detained at the police station that same week and had given 10 Manzanita as his address. In support of this claim, Harper submitted James's arrest report which shows an arrest on January 20, 1989 and Tommy's arrest report which shows no arrest during that time period. Tommy Harper submitted an affidavit that he never gave the police his address. We agree with the district court that Harper has not shown a perjury. See id. The January 20 arrest of James Harper is fairly close to the time period identified by Fowlie. Fowlie stated that Tommy Harper had been detained, not arrested, so the absence of an arrest is not conclusive.
 
 
 17
 Because we agree with the district court's conclusion that the officers did not commit perjury, it follows that the prosecutor did not suborn perjury and that the defense attorney did not render ineffective assistance of counsel.
 
 
 18
 Finally, the district court acted within its discretion to decide the motion based on the record and the affidavits submitted by the parties. See Watts v. United States, 841 F.2d 275, 277 (9th Cir.1988) (district court may decide Sec. 2255 without conducting an evidentiary hearing if expanded record shows conclusively that petitioner is not entitled to relief).
 
 
 19
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3