51 F.3d 279
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Reyes Acebes BARAJAS, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 94-55847.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 21, 1995.*
Decided March 27, 1995.
 
 Before: SNEED, POOLE, and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Reyes Acebes Barajas, a federal prisoner, appeals pro se the district court's denial of his 28 U.S.C. Sec. 2255 habeas corpus motion challenging his convictions for various drug offenses. We previously affirmed his convictions on direct appeal. See United States v. Sanchez, 908 F.2d 1443 (9th Cir.1990). Barajas contends that his trial counsel rendered ineffective assistance of counsel because counsel had a conflict of interest, failed to challenge expert testimony, and failed to object to the placement of identification placards on the defense table. He also contends that his appellate counsel rendered ineffective assistance of counsel for failing to raise these errors. We review de novo both the denial of a Sec. 2255 motion and a determination that the defendant received his Sixth Amendment right to effective assistance of counsel. Frazer v. United States, 18 F.3d 778, 781 (9th Cir.1994). We affirm for the reasons set forth in the district court's well-reasoned order which fully and fairly addressed all the arguments raised in this appeal. The court properly denied Barajas' motion without an evidentiary hearing. See Watts v. United States, 841 F.2d 275, 278 (9th Cir.1988) (per curiam).
 
 
 3
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3