94 F.3d 654
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Abelardo SOTO-CHAIDEZ, Defendant-Appellant.
 No. 95-56577.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 12, 1996.*
Decided Aug. 22, 1996.
 
 Before: BROWNING, SCHROEDER and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Federal prisoner Abelardo Soto-Chaidez appeals pro se the district court's denial of his 28 U.S.C. § 2255 motion to vacate his 161-month sentence imposed following his guilty plea conviction for conspiring to possess with the intent to distribute 4,747 grams of methamphetamine in violation of 21 U.S.C. §§ 846 and 841(a)(1). We have jurisdiction pursuant to 28 U.S.C. § 2255. We review de novo, Sanchez v. United States, 50 F.3d 1448, 1451-52 (9th Cir.1995), and we affirm.
 
 
 3
 Soto-Chaidez contends that his sentence was improperly calculated because the government failed to prove that the substance he conspired to possess was D-methamphetamine as opposed to L-methamphetamine. He further contends that his counsel was ineffective for failing to object to the calculation during sentencing.
 
 
 4
 In district court, the government responded to Soto-Chaidez's motion by submitting an updated laboratory report which reflects that the substance in question was in fact D-methamphetamine. See Rules Governing Section 2255 Proceedings, 28 U.S.C. foll. § 2255, Rule 7; Watts v. United States, 841 F.2d 275, 277 (9th Cir.1988) (per curiam) (courts considering section 2255 motions may expand the record with discovery and documentary evidence). Soto-Chaidez submitted no evidence that the methamphetamine was not D-methamphetamine. Accordingly, the district court properly concluded that Soto-Chaidez is not entitled to section 2255 relief on his sentencing claim. See Id. at 278. Because Soto-Chaidez cannot show he was prejudiced by counsel's failure to raise the issue, his ineffectiveness claim fails as well. See Strickland v. Washington, 466 U.S. 668, 697 (1984).
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. In addition, because we affirm the denial of relief under the former version of 28 U.S.C. § 2255, we do not consider whether the Antiterrorism and Effective Death Penalty Act of 1996 applies to this appeal
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3