110 F.3d 70
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Guadalupe ACOSTA, Defendant-Appellant.
 No. 95-16654.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 24, 1997.*
Decided March 26, 1997.
 
 Before: SNEED, FARRIS, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Guadalupe Acosta, a federal prisoner, appeals pro se the district court's denial of his 28 U.S.C. § 2255 motion challenging his jury conviction for conspiracy, distribution of a controlled substance, and possession of a controlled substance with intent to distribute, in violation of 21 U.S.C. §§ 846 and 841(a)(1). Acosta contends that the district court erred by determining that counsel rendered effective assistance and by denying him an evidentiary hearing. We have jurisdiction pursuant to 28 U.S.C. § 2255. We review de novo the district court's denial of a section 2255 motion. See Frazer v. United States, 18 F.3d 778, 781 (9th Cir.1994). We affirm.
 
 
 3
 In order to prevail on a claim of ineffective assistance, a defendant must show both that his counsel's performance was ineffective and that this prejudiced his case. See Strickland v. Washington, 466 U.S. 668, 688 (1984); Shah v. United States, 878 F.2d 1156, 1159 (9th Cir.1989). If it is possible to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, the court may do so without examining the performance prong. See Strickland, 466 U.S. at 697.
 
 
 4
 A. Failure to consult with Acosta prior to trial
 
 
 5
 Acosta contends that his attorney was ineffective because he failed to consult with him regarding a possible defense to incriminating testimony given by Agent Brito. At trial Brito identified "Lupe" as the individual responsible for warehousing drugs in Los Angeles. Acosta alleges that the jury might have assumed that Acosta was "Lupe" because his first name is Guadalupe. During a sidebar conference Acosta's counsel learned that the prosecutor did not know if Acosta was the "Lupe" referred to by Brito. Acosta contends that his counsel should have asked Acosta about "Lupe" when preparing for trial.
 
 
 6
 Even if defense counsel did not learn that "Lupe" was not necessarily Acosta until trial, his counsel did elicit testimony bringing into question "Lupe" 's identity. At trial when defense counsel cross-examined Brito, Brito admitted that he did not know if "Lupe" was the defendant Guadalupe Acosta. Because counsel's alleged failure to consult with Acosta regarding the Lupe incident did not prejudice Acosta's case, Acosta fails to show that counsel's assistance was ineffective. See id. at 688.
 
 
 7
 B. Failure to interview or call to testify potential witnesses
 
 
 8
 Acosta contends that he told his attorney that at the time of the offense he was in Phoenix, Arizona, with his wife rather than in Las Vegas, Nevada, packaging cocaine as the government alleged. Acosta alleges that he gave his counsel a list of witnesses who could have corroborated his account, but that his counsel failed to interview or call these witnesses.
 
 
 9
 In support of his contention Acosta submitted three affidavits with his section 2255 motion. One affidavit is from Acosta's codefendant Juan Francisco Rodriguez who states that although Acosta sold a care with a hidden compartment to a codefendant involved in the drug conspiracy, Acosta did not know about the hidden compartment and was not involved in the drug conspiracy. At trial Rodriguez in fact testified to what he states in his affidavit. Thus, counsel's assistance was not ineffective. See id.
 
 
 10
 Acosta submitted two other affidavits from Maria and Francisco Barajas who state that they reside at 3045 Magnet Street in Las Vegas, which was one of the locations of the alleged conspiracy. The Barajas state that they never saw Acosta at Magnet Street or knew him to be involved with controlled substances. However, numerous other witnesses testified that they saw Acosta at the Magnet street address. In addition, Acosta's codefendant Kandy Montgomery testified in detail about Acosta's involvement in the drug conspiracy. Consequently, defense counsel's alleged failure to interview or call the Barajas did not prejudice Acosta's case. Therefore, Acosta fails to show that his counsel's assistance was ineffective. See id.
 
 
 11
 C. Failure to request alibi jury instruction
 
 
 12
 Acosta's contention that defense counsel failed to request an alibi jury instruction fails because he did not show that such a failure prejudiced his case. See id. To the extent Acosta contends his wife could have testified that he was not in Las Vegas at the time of the offense his contention is palpably incredible given his wife's testimony at trial. Because Acosta failed to show any evidence to support an alibi defense he was not entitled to an alibi jury instruction. See United States v. Sarno, 73 F.3d 1470, 1485 (9th Cir.1995) (requiring foundation in evidence for a jury instruction). Thus, Acosta fails to show that counsel's failure to request an alibi instruction was ineffective assistance. See Strickland, 466 U.S. at 688.
 
 D. Advising Acosta of right to testify
 
 13
 Acosta contends that his counsel failed to properly advise him of his right to testify. Acosta alleges that his unique cultural background as a non-English speaker and a recent immigrant from Mexico prevented him from understanding the workings of the court and his right to testify. Accordingly, Acosta contends defense counsel should have forced him to testify.
 
 
 14
 Acosta's counsel states in an affidavit that through a translator he advised Acosta of the right to testify and that Acosta adamantly refused to do so. Acosta's counsel further stated that it is his practice to encourage criminal defendants to testify. In the order denying the section 2255 motion the district court judge stated that Acosta's counsel's statement was accurate based on the judge's experience with Acosta's counsel. See Shah v. United States, 878 F.2d 1156, 1159 (9th Cir.1989) (allowing judges to supplement the record with their own recollections). In light of the record and the judge's recollections Acosta's claim that his counsel did not properly advise him of his right to testify is palpably incredible or patently frivolous.
 
 
 15
 Accordingly, the district court did not err by denying Acosta an evidentiary hearing and summarily dismissing Acosta's claims regarding ineffective assistance of counsel.[1] See Strickland, 466 U.S. at 688; Watts v. United States, 841 F.2d 275, 276 (9th Cir.1988) (stating that summary dismissal is warranted when allegations viewed against the record do not state a claim for relief or are patently frivolous).
 
 
 16
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, we deny Acosta's request for oral argument and appointment of counsel for the purposes of oral argument
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Acosta's contention that the district court should have given him an opportunity to reply to the government's response to his section 2255 motion lacks merit. See Rule 4 & 5, 28 U.S.C. foll. § 2255