UNITED STATES of America,
Plaintiff—Appellee,

v.

Ronald Wayne THRASHER,
Defendant—Appellant.

No. 03–35679.
D.C. No. CV–03–00204–JAR,
CR–98–00388–JAR.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 15, 2004.

Decided Nov. 29, 2004.

Before WALLACE, GOULD, and BERZON, Circuit Judges.

## MEMORANDUM *

Federal prisoner Thrasher appeals from an order denying his 28 U.S.C. § 2255 petition. We have jurisdiction pursuant to 28 U.S.C. §§ 1291, 2253, and 2255. We affirm in part and vacate and remand in part.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

■ We conclude that an evidentiary hearing was required on the ineffective assistance of counsel claim. We must remand for a hearing to resolve a critical disputed fact: whether Scarlett told Storkel that she was going to testify unfavorably to Thrasher. Storkel says that Scarlett did state she would do so and that he specifically told Thrasher what Scarlett had said. Thrasher does not specifically deny being told this, but he does assert that Scarlett told him that when she arrived at the courthouse, Storkel "simply told her to leave," and that Scarlett did not tell Thrasher that she would have provided harmful testimony about Thrasher.

This factual dispute is central to the reasonableness of Storkel's decision not to call Scarlett, which Thrasher challenges as constitutionally deficient and prejudicial because 1) Scarlett potentially could have bolstered Thrasher's explanation for the gun's presence in the briefcase; 2) Storkel had told the jury that she would testify; and 3) it forced Storkel to change stories mid-trial and contend in closing statements that the gun was Carlson's.

Rather than hold a hearing to resolve this dispute, the district court decided Storkel's version of the events was more credible based upon affidavits. Because Thrasher's affidavit might support an ineffective assistance claim, the district court was required to hold an evidentiary hearing unless it could "conclusively decide[ ]" the issue of Thrasher's credibility "on the basis of documentary testimony and evidence in the record." *Watts v. United States*, 841 F.2d 275, 277 (9th Cir.1988). Here, however, there is no record evidence upon which Thrasher's credibility could be determined.

Because Thrasher's claims, in light of the record, are not "so palpably incredible or so patently frivolous or false as to warrant summary dismissal," *Baumann v.*

*United States*, 692 F.2d 565, 571 (9th Cir. 1982), the district court abused its discretion in not holding a hearing. We vacate the district court's order denying the section 2255 petition to the extent the petition raises claims based on Storkel's mid-trial decision not to call Scarlett, and remand for an evidentiary hearing.

■ Thrasher's remaining claims were properly rejected. First, Thrasher asserts that Storkel provided ineffective assistance even if Scarlett did threaten to change her testimony because Storkel "should have known long before his opening statement whether Ms. Scarlett was going to be a helpful witness." Here, the record "affirmatively manifest[s] the factual [and] legal invalidity" of that claim. *Id.* Storkel retained a private investigator, Yarbrough, who had "numerous" conversations with Scarlett, including one personal meeting. Although Storkel was concerned about Scarlett's credibility, he thought her testimony would be helpful. Thrasher himself convinced Storkel and Yarbrough not to worry about Scarlett changing her story, insisting "that she be called as a witness, because [he] was confident that, under oath, Ms. Scarlett would testify honestly." Relying on Yarbrough's thorough investigation and Thrasher's own admonitions, Storkel mentioned Scarlett's anticipated testimony in his opening statements. In light of these undisputed facts, Thrasher's claim that Storkel provided ineffective assistance by not investigating Scarlett more carefully before mentioning her as a witness in his opening statement was properly rejected.

Because Thrasher's claim that Storkel's pretrial investigation of Scarlett was insufficient fails, Thrasher cannot claim that he made an "uninformed" decision to go to trial and not to testify. At the time trial began, Thrasher and Storkel reasonably

expected that Scarlett would be called as a witness.

Thrasher's claim that Storkel never gave him the opportunity to reassess his decision to waive his right not to testify was properly rejected, as Thrasher concedes that Storkel informed him that Scarlett would not be called, and he does not allege that Storkel prevented him from testifying or that he even asked to testify.

The district court properly decided that the failure to investigate witnesses other than Scarlett was not deficient. Storkel did not breach his "duty to make reasonable investigations," *Strickland v. Washington*, 466 U.S. 668, 691, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), by not contacting Levi Shaw or Lori Odom because there is no "reasonable probability" that "the result of the proceeding would have been different" even if Storkel had called them. *Id.* at 694, 104 S.Ct. 2052.

The district court correctly denied Thrasher's claim that Storkel provided ineffective assistance by failing to object to Officer Durbin's testimony concerning outstanding warrants. Even assuming such an objection might have had merit, Storkel's tactical decision not to object was reasonable.

The district court concluded that Thrasher could not litigate his claim that the government improperly withheld materials under *Brady*, because "this claim was litigated in [Thrasher]'s motion for a new trial and direct appeal." This suggests the district court was invoking the "law of the case" doctrine. Thrasher offers three reasons why he should be permitted to do so.

■ First, Thrasher contends he did not have a "full and fair opportunity to litigate" his *Brady* claim because the district court never gave him an evidentiary hearing on his motion for a new trial. But earlier, we affirmed the denial of his mo-

tion for an evidentiary hearing as well as his motion for a new trial. Thus, we effectively held that Thrasher *did* have a full and fair opportunity to litigate his *Brady* claim, notwithstanding the denial of a hearing, and that decision itself is the law of this case.

Second, Thrasher argues that Kunkel's affidavit stating that Carlson told her the police had threatened her with a 22–year sentence was a new piece of evidence that justifies relitigation of his *Brady* claim. But, as the district court held, "[e]vidence that Ms. Carlson had been told she faced a prison sentence is no different in substance from the alleged promise of payment, and such testimony would not be material under the *Brady* standards." Given that the jury was aware of Carlson's admitted drug abuse, her prior criminal record, her previous lies to police, the inconsistencies between her grand jury testimony and trial testimony, and the favorable state plea deal she received in exchange for testifying, further impeachment evidence was certainly not substantially different.

Third, Thrasher asserts that the district court was required to reassess the materiality of the evidence that Carlson might have been paid for her testimony in light of the testimony that Scarlett would have presented, had Storkel called her. Thrasher does not explain how his argument fits into any recognized exception to the law of the case doctrine. It does not.

AFFIRMED in part, VACATED in part, and REMANDED for an evidentiary hearing.