**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-30344 |
| Plaintiff - Appellee, | D.C. No. 2:12-cr-00062-RSL-19 |
| v. | |
| RAUL ANCHONDO, AKA Pecce, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
Robert S. Lasnik, District Judge, Presiding

Submitted December 11, 2014[**]
Seattle, Washington

Before: McKEOWN, TALLMAN, and OWENS, Circuit Judges.

Raul Anchondo appeals the district court's denial of his Motion to Enforce a

Plea Agreement and ineffective assistance of counsel claims. Anchondo argues

that his trial counsel, David Hammerstad, did not communicate his plea

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

agreement's April 25th deadline, and asks this court to enforce the expired plea agreement and find Hammerstad constitutionally ineffective based on his failure to communicate the deadline.

First, the district court made a factual finding that Hammerstad did communicate the plea agreement deadline to Anchondo, and this finding is not clearly erroneous. *United States v. Overton*, 573 F.3d 679, 688 (9th Cir. 2009). Despite the lack of live testimony, there was substantial documentary evidence from which the district court could make a factual finding. *Watts v. United States*, 841 F.2d 275, 277 (9th Cir. 1988); *Williams v. Woodford*, 306 F.3d 665, 688–89 (9th Cir. 2002) (even when credibility is at issue, if the evidence in the record fully presents relevant facts and live testimony would not alter the court's view of the record, no evidentiary hearing is required). The written record included affidavits by Anchondo, Hammerstad, the prosecutor who negotiated the plea agreement, and Anchondo's newly appointed counsel. The record also included a multitude of emails exchanged between Hammerstad and the negotiating prosecutor during the relevant period that explicitly state the plea agreement's deadline. Even Hammerstad's written notes indicated he communicated that "time was of the essence" to Anchondo.

Based on this credibility determination that Anchondo's trial attorney did communicate the plea agreement's deadline, the court properly concluded that Anchondo's untimely acceptance did not create an enforceable plea agreement. *United States v. Trapp*, 257 F.3d 1053, 1056 (9th Cir. 2001) (noting that plea agreements are evaluated under contract law); Restatement (Second) of Contracts, §§ 36, 41(1) (1981).

Second, Anchondo failed to show deficient performance and/or prejudice in his ineffective assistance of counsel claims. *Strickland v. Washington*, 466 U.S. 668, 694 (1984). Although, "as a general rule, we do not review challenges to the effectiveness of defense counsel on direct appeal," here, "the record on appeal is sufficiently developed to permit determination of the issue." *United States v. Rahman*, 642 F.3d 1257, 1259–60 (9th Cir. 2011) (*citing United States v. Jeronimo*, 398 F.3d 1149, 1155–56 (9th Cir. 2005)).

Anchondo asserts deficient performance because Hammerstad (1) did not specifically tell Anchondo that the government's offer would lapse on April 25th, (2) did not effectively communicate the contractual consequences of making a counteroffer, and (3) did not monitor his email Friday evening, April 26th, and convey Anchondo's acceptance to the prosecutor soon after Anchondo's 7:19 p.m. email.

3

Given the district court's factual finding that Hammerstad did communicate the April 25th deadline, no deficient performance can be established on this basis. Next, assuming Hammerstad did not explain to Anchondo that making a counteroffer would effectively void the prosecutor's initial offer, Anchondo cannot show prejudice where the prosecutor rejected Anchondo's counteroffer but then put the original plea back on the table. Finally, even if Hammerstad provided ineffective assistance by not monitoring his email the evening of Friday, April 26th, Anchondo cannot show that "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. The prosecutor expressly stated that had Hammerstad called him at 7 p.m. Friday evening, he would have rejected Anchondo's acceptance as untimely.

**AFFIRMED.**

4