42 F.3d 1402
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Edward L. TAPIA, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 94-55255.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 4, 1994.*
Decided Oct. 11, 1994.
 
 Before: BROWNING, FARRIS and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Edward L. Tapia, a federal prisoner, appeals pro se the district court's denial of his 28 U.S.C. Sec. 2255 petition.[1] Tapia was convicted pursuant to a guilty plea of one count of possession of a controlled substance with intent to distribute, in violation of 21 U.S.C. Sec. 841(a)(1). Tapia contends that he received ineffective assistance of counsel and the district court erred in not holding an evidentiary hearing on his ineffective assistance claim. We have jurisdiction under 28 U.S.C. Sec. 2255 and affirm.
 
 STANDARD OF REVIEW
 
 3
 We review de novo a district court's denial of a 28 U.S.C. Sec. 2255 petition. United States v. Angelone, 894 F.2d 1129, 1130 (9th Cir.1990). A claim of ineffective assistance of counsel is a mixed question of law and fact and is reviewed de novo. Id. We review the district court's denial of an evidentiary hearing for abuse of discretion. Watts v. United States, 841 F.2d 275, 277 (9th Cir.1988).
 
 INEFFECTIVE ASSISTANCE OF COUNSEL
 
 4
 Tapia contends that his plea was not intelligent because his counsel rendered ineffective assistance by failing to investigate and inform him of the claim of outrageous government conduct as a potential defense.[2] This contention lacks merit.
 
 
 5
 A claim of ineffective assistance of counsel provides a basis to attack the validity of a guilty plea. United States v. Keller, 902 F.2d 1391, 1394 (9th Cir.1990) (citing Torrey v. Estelle, 842 F.2d 234, 237 (9th Cir.1988)). To establish ineffective assistance of counsel, the petitioner must show that (1) specific acts or omissions of counsel fell below a standard of professional competence and (2) the alleged acts or omissions have prejudiced the petitioner. Strickland v. Washington, 466 U.S. 668, 687 (1984). There is a strong presumption that counsel is competent and that counsel's conduct falls within the wide range of reasonable representation. Id. at 689; cf. Morris v. State of Cal., 966 F.2d 448, 454-55 (9th Cir.) (failure to investigate and research a valid defense constitutes deficient representation), cert. denied, 113 S.Ct. 96 (1992). Further, on a claim of ineffective assistance of counsel based on failure to inform a defendant of a potential defense, " 'resolution of the "prejudice" inquiry will depend largely on whether the affirmative defense would have succeeded at trial.' " Keller, 902 F.2d at 1395 (9th Cir.1990) (quoting Hill v. Lockhart, 474 U.S. 52, 59 (1985)).
 
 
 6
 The government's conduct is outrageous only when it "is so grossly shocking ... as to violate the universal sense of justice" or "so excessive, flagrant, scandalous, intolerable and offensive as to violate due process." United States v. Garza-Juarez, 992 F.2d 896, 904 (9th Cir.1993) (quotations omitted), cert. denied, 114 S.Ct. 724 (1994). Only the government's unwarranted physical or mental coercion to effectuate a crime or direction and engineering of a criminal enterprise from start to finish has been held outrageous. See United States v. Solorio, Nos. 93-50507 and 93-50508, slip op. 11375, 11388 (9th Cir. Sept. 20, 1994) (outrageous conduct when the government created a crime and offered drugs to a reluctant participant as an incentive for engaging in the drug sale); see also United States v. Smith, 924 F.2d 889, 897 (9th Cir.1991) (not outrageous for government to get an 18 year old drug rehabilitation patient to deal drugs); United States v. Simpson, 813 F.2d 1462, 1468 (9th Cir.) (government's passive tolerance of a private informant's questionable conduct is not outrageous), cert. denied, 484 U.S. 898 (1987).
 
 
 7
 Tapia alleges that in order to secure Tapia's cooperation, the government's informant gave Tapia some small rocks of methamphetamine which Tapia cut and snorted in the presence of a government agent.[3] However, the informant's conduct and government's tolerance do not rise to the level of outrageous conduct. See Smith, 924 F.2d at 897; Simpson, 813 F.2d at 1468. Furthermore, Tapia admits that he engaged in the drug deal to support his addiction.[4] Thus, the government did not create the crime or coerce Tapia's participation. Cf. Solorio, slip op. at 11388.
 
 
 8
 When Tapia's counsel did not pursue a baseless defense, his conduct was not outside the range of professionally competent assistance. See Strickland, 466 U.S. at 690; cf. Morris, 966 F.2d at 454-55. Further, even assuming arguendo that counsel's conduct was deficient, Tapia was not prejudiced because of the unlikelihood of success of his outrageous government conduct claim at trial. See Keller, 902 F.2d at 1395.
 
 EVIDENTIARY HEARING
 
 9
 The district court may deny a 28 U.S.C. Sec. 2255 petition without an evidentiary hearing if the petitioner's allegations, viewed against the record, "do not state a claim for relief or are so palpably incredible or patently frivolous as to warrant summary dismissal." Shah v. United States, 878 F.2d 1156, 1158 (9th Cir.) (citations omitted), cert. denied, 493 U.S. 869 (1989); see also 28 U.S.C. Sec. 2255 (requiring the district court to hold an evidentiary hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief"). Furthermore, the district court can expand the record with discovery or documentary evidence to determine whether the allegation entitles the petitioner to any relief and warrants an evidentiary hearing. Shah, 878 F.2d at 1159.
 
 
 10
 "Based on its review of all the pleadings," the district court denied Tapia's claim of ineffective assistance of counsel without an evidentiary hearing. In light of the record and the supplemental discovery material, the district court could conclude, as we have, that the ineffective assistance of counsel claim provided Tapia no relief. Thus, summary disposal of Tapia's 28 U.S.C. Sec. 2255 petition is warranted. See id. at 1160. Accordingly, the district court did not abuse its discretion. See id. ; Watts, 841 F.2d at 277.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Tapia originally filed an application for writ of error coram nobis which the district court construed as a petition pursuant to 28 U.S.C. Sec. 2255 and denied as frivolous. On appeal, this court vacated and remanded for the district court to consider the merits of Tapia's Sec. 2255 petition. Tapia v. United States, No. 92-55816, unpublished memorandum disposition (9th Cir. Feb. 24, 1993). On remand, Tapia amended his Sec. 2255 petition, adding the claim of ineffective assistance of counsel
 
 
 [2]
 In the district court, Tapia also argued his attorney's failure to raise the entrapment defense to support his claim of ineffective assistance of counsel. On appeal, Tapia abandoned this argument
 
 
 [3]
 According to the investigative report, those small rocks were previously provided by Tapia to the informant as a sample in the negotiation to sell and purchase 10 pounds of methamphetamine
 
 
 [4]
 Tapia described himself as a "gofer" in the scheme