**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Francisco MENDOZA–PRADO,**
**Defendant—Appellant.**

**No. 05–15975.**

United States Court of Appeals,
Ninth Circuit.

Submitted June 13, 2006.*

Filed Aug. 9, 2006.

Stephen Jigger, USSF–Office of the U.S. Attorney, San Francisco, CA, for Plaintiff–Appellee.

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2).

Elizabeth M. Falk, Esq., FPDCA–Federal Public Defender's Office, San Francisco, CA, for Defendant–Appellant.

Before: RYMER, T.G. NELSON, and W. FLETCHER, Circuit Judges.

## MEMORANDUM **

Defendant Francisco Mendoza–Prado appeals the district court's denial of his 28 U.S.C. § 2255 motion alleging ineffective assistance of counsel during the plea bargaining process. We have jurisdiction pursuant to 28 U.S.C. §§ 1291, 2253, and 2255. We affirm in part, reverse in part, and remand in part.

## I. Findings of Fact

■ The district court's findings of fact were proper and certainly not clearly erroneous.[1] First, Mendoza–Prado's attorney's account of the facts supported the district court's conclusion that she had consistently predicted that Mendoza–Prado's probable sentence after trial would be

"substantially more" than the five year plea offer.[2] Second, testimony established that Mendoza–Prado never indicated that he could not understand his attorneys when they communicated with him in English. In addition, Mendoza–Prado admitted that he read the briefs his attorneys sent him in English and, until the trial, he never asked for an interpreter. Thus, the court's finding regarding Mendoza–Prado's comprehension of his attorney's advice was proper as well.

## II. Legal Conclusions [3]

■ The district court did not make a finding regarding whether Mendoza–Prado's attorney informed him of the superceding indictment. However, it held that any such failure did not prejudice him. That conclusion was incorrect because Mendoza–Prado could have received a lesser sentence under the recommendations in the plea agreement.[4] Accordingly, we reverse. We remand to allow the district court to determine whether Mendoza–Prado's attorney informed him of the superceding indictment and its possible consequences and whether Mendoza–Prado would have accepted the plea if he had had that knowledge.[5] We affirm on all other grounds.[6]

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. *Bonin v. Calderon*, 59 F.3d 815, 823 (9th Cir.1995) (reciting the standard of review).

2. Mendoza–Prado does not challenge the district court's finding that his testimony was not credible.

3. *See United States v. Rodrigues*, 347 F.3d 818, 823 (9th Cir.2003) (reciting standard of review); *Strickland v. Washington*, 466 U.S. 668, 687–90, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

4. *Turner v. Calderon*, 281 F.3d 851, 879 (9th Cir.2002).

5. *Id.* (satisfying the prejudice component requires the defendant to show "that, but for counsel's errors, he would have pleaded guilty and would not have insisted on going to trial") (citing *Hill v. Lockhart*, 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985)); *see Iaea v. Sunn*, 800 F.2d 861, 865–66 (9th Cir. 1986) (remanding for an evidentiary hearing to determine whether "there is a reasonable probability that, but for counsel's errors," the defendant would have reached a different decision regarding the plea).

6. *United States v. Rivera–Sanchez*, 222 F.3d 1057, 1060–61 (9th Cir.2000) (holding that counsel effectively communicated the plea offer when he informed the defendant of the crime alleged in the complaint, discussed the

**AFFIRMED in part, REVERSED in part, REMANDED in part.**

RAWLINSON, Circuit Judge, concurring.

I concur in the result.

RYMER, Circuit Judge, concurring in part and dissenting in part.

Given that the testimony at most shows that counsel did not bring up the possibility of a superseding indictment at their *last* meeting, her experience, the hours she spent discussing the case with Mendoza–Prado, his own wish to go to trial and not to accept a five-year plea bargain, and testimony that Mendoza–Prado knew about the different minimum sentences and had been warned about the greater exposure of going to trial, I don't think counsel's performance was deficient. Nor does Mendoza–Prado indicate where he even said that he would have accepted the deal if he had known about the possibility of a superseding indictment—or explain how the district court, which did not find him credible at all, would have believed him had he said it. And he was actually subject to the same mandatory minimum sentence he would have been subject to had he taken it. I think the district court got it right across the board, and would, therefore, affirm.

terms of the plea offer and the sentence the defendant would receive under the plea offer, and explained that the defendant faced a "more severe punishment" if he did not accept the plea); *Turner,* 281 F.3d at 881 (holding that counsel's failure to recommend whether to accept or reject the plea did not constitute deficient performance); *Gonzalez v. United States,* 33 F.3d 1047, 1051 (9th Cir. 1994) (holding that counsel's failure to use an interpreter at trial did not constitute ineffective assistance when the record supported counsel's belief that the defendant could understand English).