**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Francisco MENDOZA–PRADO,**
**Defendant–Appellant.**

**No. 07–15450.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 9, 2008.

Filed July 7, 2008.

Stephen Jigger, USSF–Office of the U.S. Attorney, San Francisco, CA, for Plaintiff–Appellee.

Elizabeth M. Falk, Esq., Federal Public Defender's Office, San Francisco, CA, for Defendant–Appellant.

Before: SCHROEDER and LEAVY, Circuit Judges, and FAIRBANK *, District Judge.

## MEMORANDUM **

Appellant Francisco Mendoza–Prado appeals the district court's denial of his 28 U.S.C. § 2255 petition, alleging ineffective assistance of counsel during the plea bargaining process. This Court previously reversed and remanded for the district court to determine whether Mendoza–Prado's trial counsel failed to inform him of an imminent superseding indictment, and whether Mendoza–Prado, had he known this information, would have accepted a plea offer rather than go to trial. *United States v. Mendoza–Prado,* 197 Fed.Appx. 581, 582 (9th Cir.2006). On remand, the district court found that it was impossible to determine whether Mendoza–Prado's defense counsel failed to inform him of the superseding indictment, but held that "even assuming that defense counsel did not inform [him] of the fact that the government had communicated its intent to file a superseding indictment, [he] has failed to demonstrate any prejudice as a result of this possible non-communication." *Mendoza–Prado v. United States,* No. C 99–00062 CRB, 2007 WL 420222, at *5, 2007 U.S. Dist. LEXIS 11738, at *13 (N.D.Cal. Feb. 5, 2007).

Mendoza–Prado contends that the district court abused its discretion on remand by denying him an evidentiary hearing to determine if his attorney's alleged failure prejudiced him. He further contends that the district court clearly erred by holding that he failed to establish a reasonable probability of prejudice. This Court finds no abuse of discretion and no clear error and affirms the district court's denial of the petition.

■ First, "rather than conduct a hearing," as 28 U.S.C. § 2255(b) expressly requires, "courts may use discovery or documentary evidence to expand the record." *Shah v. United States,* 878 F.2d 1156, 1159 (9th Cir.1989) (citing *Watts v. United States,* 841 F.2d 275, 277 (9th Cir. 1988)). Here, the district court expanded the record by ordering declarations. These declarations did not require the court to assess the declarants' credibility. The district court already had extensive experience with Mendoza–Prado and found him lacking in credibility. The declarations of a co-defendant and his attorney did not directly establish prejudice. Moreover, the record before the district court was already long and broad and included an earlier evidentiary hearing with testimony on factors underlying Mendoza–Prado's assessment of risk in going to trial. Accordingly, the district court did not abuse its discretion in concluding that another evidentiary hearing would engender no further relevant and credible evidence.

■ Second, *Strickland v. Washington* requires a petitioner alleging ineffective assistance of counsel to establish a "reasonable probability" of prejudice, showing

* The Honorable Valerie Fairbank, United States District Judge for the Central District of California, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

evidence "sufficient to undermine confidence in the outcome." 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Neither Mendoza–Prado's own discredited declaration, nor the declarations offered on his behalf, discharged this burden. There was also countervailing evidence that Mendoza–Prado disfavored the plea offer and would not have accepted it at the time even with knowledge of the imminent superseding indictment. In this light, the district court did not clearly err in finding that Mendoza–Prado failed to present evidence "sufficient to undermine confidence" in his decision to reject the plea offer.

**AFFIRMED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.